WASHINGTON *v.* STATE.

4857                              297 S. W. 2d 930

Opinion delivered January 28, 1957.

No brief for appellant.

*Tom Gentry,* Atty. General; *Roy Finch, Jr.,* Assistant Atty. General, for appellee.

MINOR W. MILLWEE, Associate Justice. E. W. Lee resides in North Little Rock, Arkansas, where he has been employed at the shops of the Missouri Pacific Lines for 40 years. On December 9, 1955, approximately $6,200 in currency was stolen from Lee's home on Locust Street. The money was kept in a small locked container in a closet which was also locked and represented savings by Lee and his former wife since 1929.

On or about December 30, 1955, the father of appellant reported to Little Rock detectives that he had information that appellant had been spending "some extra money" and had been seen with a "large roll" of money. A search was made for appellant and two other youths who had been staying at a hotel on Ninth Street and spending rather freely. Appellant was apprehended on the streets about 2 o'clock the next morning. He freely admitted to the officers that he broke in the Lee home, took the money and hid it under a vacant house on Vine Street. His description of the manner of breaking and entering corresponded with that previously given the officers by Lee. He was taken to the Vine Street address where he crawled under the house and brought out about $5,000 which included forty-five $100 bills and six $50.00 bills identified as belonging to Lee. Police also recovered two $100 bills from two companions to whom appellant had given the money to get them "to let him alone."

At the trial held upon his plea of not guilty to burglary and grand larceny charges, appellant offered no evidence in contradiction of the foregoing proof adduced by the State. He has appealed from a verdict and judgment finding him guilty on both counts and fixing his punishment at the minimum of 2 years in the penitentiary for burglary and one year for grand larceny, the sentences to run concurrently.

The proof by the State is ample to sustain the verdict and there is no merit in the five assignments of error by appellant which question its sufficiency for that purpose.

The next assignment of error relates to the following answer given by Officer Jack Morgan when counsel for appellant asked him whether he knew appellant was a minor about sixteen years of age: "Yes, we had him one other time." Appellant's objection to the answer was promptly sustained by the trial court and the jury admonished not to consider it. If it be assumed that the answer was unresponsive to the question and erroneously given, any possible prejudice arising therefrom was cured by the court's action. *Howell* v. *State,* 220 Ark. 278, 247 S. W. 2d 952.

Error is also assigned in the overruling of appellant's objections to certain admissions which the police officers testified he made on the ground that his parents were not contacted. It should be noted that appellant's father first contacted the officers. There is no proof that appellant was mistreated in any manner and no contradiction of the voluntary nature of the admissions. Under the law infants from the age of fourteen years are presumed capable of committing crime and of being responsible therefor in the same manner as in the case of adults. *Gilchrist* v. *State,* 100 Ark. 300, 140 S. W. 260. There is nothing to rebut this presumption in the instant case, or to require that appellant's parents be contacted prior to interrogation by the officers. Under Ark. Stats., Sec. 46-302 it is also within the trial court's discretion to impose either a penitentiary sentence or a sentence to the reform school upon minors under eighteen years of age convicted of a felony. *Freeman* v. *State,* 158 Ark. 262, 249 S. W. 582, 250 S. W. 522.

We have examined other assignments of error by appellant and find no merit in them. The judgment is accordingly affirmed.