ROBERT STEPPS *v.* STATE

5252                                        414 S. W. 2d 620

Opinion delivered May 15, 1967

[Rehearing denied June 5, 1967.]

*Brockman & Brockman,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst.

Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On the night of January 15, 1966, the appellant shot and killed Artis Frazer at Hosea Miller's Place, a drive-in roadhouse near Tucker, Arkansas. The prosecuting attorney at first charged Stepps with first-degree murder, but on the day of trial he reduced the charge to the second degree. The jury found the accused guilty of voluntary manslaughter and fixed his punishment at three years imprisonment. The five points urged for reversal have, for the most part, very little to do with the merits of the case.

It is first argued that the information should have been quashed for the reason that Stepps was not served with a copy, as the statute requires in capital cases. Ark. Stat. Ann. § 43-1204 (Repl. 1964). Officer Smithey testified that he read the information to Stepps at the county jail and explained that he was leaving a copy with Stepps' personal effects so that it would be available either to him or to his lawyer. Not only was this a substantial compliance with the statute, but there was also no possibility of prejudice, there being no contention that Stepps was unaware of the charge against him. An allied pre-trial point, that the accused was not taken before a magistrate after his arrest, is without merit; for that statutory requirement is directory, not mandatory. Ark. Stat. Ann. § 43-601; *Moore* v. *State*, 229 Ark. 335, 315 S. W. 2d 907 (1958).

The witness Thompson, who was sitting in a car outside Miller's Place when the shooting occurred, testified that after Stepps and another man entered the house he heard someone say, "Let me kick him before you . . ." Upon objection the court instructed the jury not to consider the statement. The testimony was actually meaningless, for there was no other proof about any threat or act of kicking. The court's admonition to the jury was clearly sufficient to correct the matter. See

*Washington* v. *State*, 227 Ark. 255, 297 S. W. 2d 930 (1957).

After the shooting Hosea Miller at once took the injured man to the hospital at England, where Dr. Cooper was called. The defense counsel objected to Dr. Cooper's testimony that he examined a man (dead upon arrival at the hospital) "who I later found out was Artis Frazer." The court's action in overruling counsel's objection to the doctor's statement was not reversible error. In a sense, whenever a witness refers to someone by name it could be argued that the reference is based upon hearsay, however long and well the witness may have known the person referred to. But when, as here, there is not the slightest question about the person's identity there can be so sound basis for insisting that the witness not be permitted to refer to him by name. Here the evidence is undisputed that Stepps shot Frazer in the face, that Frazer was taken to the hospital at England, that Dr. Cooper was called, and that Dr. Cooper examined the body of a man whose death had been caused by a bullet wound in the face. To require a new trial merely because Dr. Cooper was allowed to say that he later found out that the body was that of Artis Frazer would be an absurdity.

Finally, it is argued that the State's suppression of certain evidence amounted to a denial of due process of law. There was a sharp dispute about whether Frazer had a knife in his hand when he was killed. Hosea Miller testified that he did not see a knife immediately after the shooting, but when he got back from the hospital he found a knife on the floor and called it to the attention of Officer Perkins. Perkins testified that he picked up the knife, took it to the county jail, and placed it in a locker that he shared with Officer Bradley. Both officers testified that in some way or other the knife was lost or mislaid before the trial.

This case is unlike those in which the State has

deliberately suppressed or inadvertently destroyed evidence essential to the defendant's proof of his innocence. *State* v. *Fowler*, 422 P. 2d 125 (Ariz., 1967) ; *Trimble* v. *State*, 75 N. M. 183, 402 P. 2d 162 (1965). Here Officer Perkins admitted that he had picked up the knife and that (doubtless to his chagrin) it had been lost. There is no reason to suppose either that the jury disbelieved the officer's uncontradicted statements or that the accused's position would have been strengthened by the actual production of the knife.

Affirmed.