HALE *v.* STATE OF INDIANA.

[No. 30,825. Filed October 18, 1967.]

*Roy Dempsey, Patrick N. Ryan,* and *Jack B. Welchons,* all of Marion, for appellant.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

HUNTER, C. J.—The appellant was convicted by a jury of assault and battery with intent to gratify sexual desires on a twelve (12) year old girl under Ind. Ann. Stat. § 10-403 (Supp. 1967). The first issue presented by the appellant raises the question of the sufficiency of the evidence to satisfy the requisite intent.

The applicable rules of law are well settled in this regard. The leading case of *Baker* v. *State* (1956), 236 Ind. 55, 138

N. E. 2d 641 clearly defines our duty as to questions concerning the sufficiency of the evidence. While this Court will not weigh the evidence, it must be determined if there was substantial evidence. Substantial evidence means more than "seeming or imaginary." A verdict on which reasonable men might differ will not be set aside. However, if no reasonable man could find that the evidence has proved the accused guilty beyond a reasonable doubt, then the verdict is not sustained by sufficient evidence. Furthermore proof beyond a reasonable doubt is more than proof by a preponderance of the evidence. *Baker* v. *State, supra; Epps* v. *State* (1963), 244 Ind. 515, 526, 192 N. E. 2d 459; *Anderson* v. *State* (1959), 239 Ind. 372, 378, 156 N. E. 2d 384.

In the facts at bar the appellant was charged under § 10-403, *supra,* which provides in part:

"That whenever . . . any person removes, tears, unbuttons . . . or attempts to remove, tear, unbutton or unfasten any clothing of any child of the opposite sex . . . who is of the age of 16 years or under, with the intent to gratify the sexual desires or appetite of the offending person . . ."

As stated in *Markiton* v. *State* (1957), 236 Ind. 232, 235-36 139 N. E. 2d 440, this statute prohibits an act when coupled with the necessary intent. Both must be proved beyond a reasonable doubt.

In viewing the question of intent this Court must look only to the evidence favorable to the State. The record supports the following:

The appellant while not a stranger to the young girl enticed her into his truck while she was on her way home from school. The truck was a van type with small window on the back doors. The driving area of the truck was separated from the back by a curtain. There was a mattress in the back of the truck with other miscellaneous things. The appellant had

offered the young girl some hamburgers; even though she initially refused, the appellant lifted her into the truck. After they were in the rear of the truck, the young girl removed her sweater when the appellant asked her if she were not too hot. Then the appellant proceeded to unbutton her blouse and removed her panties. Soon thereafter a policeman peered through the back window of the truck and saw the young girl with nothing on except her skirt. The policeman went around to the front of the truck and after the girl was more fully dressed, had the appellant and the young girl come to the outside. The police found the panties under the mattress which at various times the young girl identified as her panties. Immediately after coming from the truck and at the police station the appellant, when accused of the above acts, offered neither of the explanations which he later gave at the trial. The appellant contended that he had bought the young girl a new blouse but only one blouse was in the truck and that was the one which the young girl was wearing. All who later saw the blouse testified that it was not a new blouse.

The appellant contends that this case is similar to *Markiton* v. *State, supra,* where this Court found a failure of proof in regard to the requisite intent under § 10-403, *supra.* However, the facts in that case are readily distinguishable from the facts at bar in that the girl's father was involved and the two daughters testified that the acts occurred while the father was putting them to bed and while so doing the three of them would engage in joking and teasing. The appellant herein was not the young girl's father; he offered no explanation for unbuttoning the young girl's blouse and removing her panties either immediately after the occurrence when the police came or while he was at the police station. Although an accused's silence is not to be taken as an admission, when evidence as to his silence is introduced without objection it is to be considered for its probative value. *Kern* v. *State* (1957), 237 Ind. 144, 144 N. E. 2d 705.

The almost inescapable conclusion based on the above facts is that the appellant did these acts while intending to gratify his sexual desires.

We would agree with the appellant that the facts at bar are not in the same vein as *Parker* v. *State* (1962), 243 Ind. 482, 185 N. E. 727; *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823; *Bush* v. *State* (1957), 237 Ind. 280, 145 N. E. 2d 10, in that in all these cases the offender had proceeded further as to physical contact with the young girls involved and some physical injury had taken place so that the intent was more concretely established. However, this is not to say that all cases must rise to the same degree of certainty as to the sufficiency of the evidence or that physical contact with privates is necessary under the statute in question. While reasonable men might differ in regard to their conclusions about the intent with which the appellant acted in the facts at bar, it certainly can not be validly contended that no reasonable man could find that the appellant unbuttoned the girl's blouse and removed her panties with the intent to satisfy his sexual desire.

The appellant further contends that due to the fact that the police negligently threw away the panties which were found in the truck, he was denied due process of law under both the Indiana Constitution Art. I, § 12 and the U. S. Constitution amend. XIV. We agree that the negligent destruction or withholding of material evidence by the police or the prosecution presents grounds for reversal on such theory. See *Brady* v. *Maryland* (1963), 373 U.S. 83; *State* v. *Flower* (1967), 101 Ariz. 561, 422 P. 2d 125; *People* v. *Hoffman* (1965), 32 Ill. 2d 96, 203 N. E. 2d 873; *Trimble* v. *State* (1965), 75 N.M. 183, 402 P. 2d 162.[1] However, we

---

1. In these citations we have not differentiated negligent failure to disclose or negligent destruction from intentional destruction or intentional non-disclosure for the reason that we fail to see any valid basis for distinction as long as the interest to be protected is that of the defendant's right to a fair trial and due process. However, seemingly

fail to find the materiality of the destroyed evidence in the facts at bar.

Appellant claims that the evidence destroyed was material and exculpatory. Eunice Jannison claimed that she had left a pair of her own panties in the truck. Appellant further asserts that Eunice's panties would not have fit the young girl; appellant also demonstrates that at no place in the record is it shown whether or not the young girl had panties on after the incident. Consequently, appellant asserts that it was not clearly shown that panties found were in fact those of the young girl other than through her testimony when at various times she identified the panties as hers. Appellant states that if the panties could have been shown at the trial this would have demonstrated that the panties were not hers, and therefore that appellant did not in fact remove the young girl's panties.

However it should be noted that at no place in the record, can it be demonstrated that Eunice's panties would not have fit the young girl, the exact assumption on which the materiality of the destroyed evidence hinges. The destruction of the evidence did not prevent the appellant from introducing evidence as to the materiality of the destroyed evidence. The destruction of the panties only prevented appellant from proving the end result in the facts if such a variance in size were in fact true. Probably the main reason for such failure of the appellant to demonstrate the materiality of the panties was because of the failure to raise this matter of error before the trial court either by way of a motion for a new trial or any other motion. As will be shown subsequently, ordinarily such a failure results in a waiver of errors asserted for the first time on appeal. In this particular instance due to the serious nature of the asserted error, we have chosen to consider the alleged error on its merits. *Wilson*

some courts have interjected a punitive aspect in the intentional cases. See Note, Discovery and Disclosure: Dual Aspects of the Prosecutor's Role in Criminal Procedure, 34 Geo. Wash. L. Rev. 92, 103-104 (1965).

v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848. But even in so doing we can not find any place in the entire record which supports appellant's contention that Eunice's panties would not fit the young girl on which the claim of materiality rests entirely and which the ability to demonstrate was in no way hindered by the destruction of the panties in question. We can not assume its materiality, especially when the record is entirely devoid of evidence to support other aspects of the case—such as appellant's claim that the young girl was merely changing into a new blouse which he claimed to have bought for her when only one blouse was found in the truck and it was the one the young girl was wearing on her exit from the truck. Furthermore in all the cases which we have found concerning an actual negligent destruction of evidence which resulted in a reversal, the materiality was self-evident or a showing of materiality was prevented by the destruction. As previously demonstrated such is not the case in the facts at bar.

Consequently, in lieu of the appellant's failure to demonstrate the materiality of destroyed evidence, we find no reversible error in the negligent loss of the panties by the police. See *Stepps* v. *State* (1967), 242 Ark. 587, 414 S. W. 2d 620; *State* v. *Morris* (1961), 69 N.M. 244, 365 P. 2d 668.

Appellant asserts and has briefed other errors, however none of the remaining errors were raised in the motion for new trial. Consequently, such matters have been waived. *Denton* v. *State* (1965), 246 Ind. 155, 203 N. E. 2d 539.

We have considered the appellant's asserted errors and find them to be without merit. The judgment should be affirmed.

Judgment affirmed.

Arterburn, Jackson, Lewis and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 432.