PHILLIP H. HENSON, A/K/A ROBERT V. SCHEICK
*v.* STATE OF ARKANSAS

CR 73-114                                    501 S.W. 2d 619

Opinion delivered November 26, 1973

*Williams & Gardner,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of the crime of rape in 1964 and his punishment was fixed at life imprisonment. We reversed in *Henson v. State,* 239 Ark. 727, 393 S.W.2d 856 (1965). Upon a change of venue and a retrial in 1966, a jury again found appellant guilty

of rape and assessed his punishment at life imprisonment. From a judgment on that verdict comes this belated appeal permitted by our per curiam order dated January 29, 1973. Present counsel was appointed for appeal purposes.

Appellant first contends for reversal "the court erred in allowing the testimony of Dr. Walter P. Harris to be admitted because his opinion was formed by using information obtained through a doctor-patient relationship which is privileged." Dr. Harris examined appellant on two occasions during the time he was awaiting trial and incarcerated. The first examination was at the behest of appellant's wife that he be examined by the state hospital authorities as to his mental condition. The court ordered two local doctors, including Dr. Harris, to conduct the requested mental examination. Before the petition was withdrawn, Dr. Harris examined the appellant and diagnosed him as a sexual psychopath and not insane. In the former appeal, *Henson* v. *State, supra,* we held that Dr. Harris' examination as to appellant's mental condition was not violative of the doctor-patient relationship. In the case at bar it clearly appears that Dr. Harris did not rely in any manner whatsoever upon the second examination, based upon a physical complaint by appellant, in forming his opinion concerning appellant's mental state. We perceive no violation of the doctor-patient relationship.

Appellant next contends "the court further erred in allowing Dr. Harris to testify as to the defendant's sanity as he was not qualified to render such opinion and because such testimony, since there was no plea of insanity, served only to prejudice and inflame the senses of the jury." We first observe that it appears the doctor's qualifications as a physician were admitted by the appellant's trial counsel on two occasions. Further, there was no objection as to his qualifications raised at the trial. We cannot consider an issue raised the first time on appeal. *Nash* v. *State,* 248 Ark. 323, 451 S.W.2d 869 (1970). When the doctor testified as to appellant's psychopathic mental condition, an objection was made stating "***if we are talking about generally.

This defendant is who we are trying. We are here on a specific case for a specific defendant." The court answered "[W]ith reference to the specific offense it will be sustained. Lay the proper foundation." The doctor then proceeded to give his opinion as to appellant's mental condition and no objection was renewed. Thereafter, appellant's counsel proceeded to cross-examine the doctor with reference to the mental examination. We cannot say in the absence of proper objections that reversible error occurred.

Appellant next contends for reversal that the "court erred in failing to grant a mistrial of the case after each of several highly prejudicial remarks were made by witnesses for the prosecution." The prosecuting witness testified that after raping her appellant assaulted her again a short time thereafter. The court sustained appellant's objection and admonished the jury to disregard the prosecutrix's statement that "[H]e attacked me again." The sheriff testified that upon arresting the appellant he told him "he was under arrest for the rape of this girl, and there was two girls—one living over here and one—." He was interrupted by an objection from appellant's counsel. The trial court sustained the objection and, as requested, admonished the jury to disregard this testimony. Appellant also complains that the testimony of an aunt of the prosecutrix was prejudicial when she testified that her niece (prosecutrix) was "[C]rying, screaming she was scared to death. *** I went to the phone and called the sheriff's office. And she said, 'If you do that, he will come and kill us every one.' " The court again sustained the objection of appellant's counsel and, as requested, admonished the jury to disregard the prosecution's statement that "he will come out here and kill us every one." In each of these enumerated three instances, the asserted error was corrected by the cautionary instructions given by the court. Stepps v. State, 242 Ark. 587, 414 S.W.2d 620 (1967).

Nor do we find any prejudicial error in the state trooper's testimony that the defendant, when arrested, stated that "I won't go with the son of a bitch [another

officer], but I will go with you." We cannot perceive how this remark by the witness was prejudicial as to appellant's guilt or innocence of the alleged offense.

Appellant further contends that the "court erred in failing to strike and strongly admonish the jury not to consider testimony of Cora Williams when she related the statement of her niece as told to her by her daughter." The prosecutrix went to Mrs. Williams' house immediately following her ordeal with appellant. The prosecutrix went in the bathroom with her sister and Mrs. Williams' daughter. It appears that the aunt overheard their conversation. Mrs. Williams testified "[S]he told my daughter, that she had been attacked and when I told them to come out, if they didn't I would tear the door off the hinges, and when they come out, Wanda was crying." Appellant's attorney objected saying "[T]hat is not a spontaneous statement—that is too remote." Thereupon, the trial court sustained the objection. It does not appear that appellant requested a cautionary instruction or that the prosecutor continued interrogating the witness further as to the asserted hearsay testimony. Also, let it be remembered the prosecutrix had previously testified that she had been attacked by appellant. We perceive no prejudicial or reversible error.

Affirmed.