**Raymond E. TURPIN, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 579S116.**

Supreme Court of Indiana.

Feb. 22, 1980.

Rehearing Denied April 30, 1980.

Michael J. Spencer, Spencer & Spencer, Bloomington, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Raymond E. Turpin, was convicted by a jury of rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.) and two counts of confinement, one as a class D felony and the other as a class C felony, Ind.Code § 35–42–3–3 (Burns 1979 Repl.). He was sentenced to twenty years, four years, and eight years respectively and now raises the following three issues in this direct appeal:

1. Whether defendant's right to due process was violated by the state's loss of an exculpatory statement made by defendant prior to his giving incriminating statements, and whether defendant is required to prove the materiality and prejudice of this action;

2. Whether certain incriminating statements given by defendant to police were voluntarily given; and

3. Whether the trial court committed reversible error in admitting into evidence a blank gun, allegedly without a proper foundation or showing of relevancy.

A summary of the facts most favorable to the state shows that the victim, Mrs. B., and her four-year-old daughter stopped at a service station in Bloomington, Indiana, early in the afternoon of May 26, 1978. Defendant was the sole attendant at the station and the victim asked him to look at the brakes on her car because they weren't working properly. Defendant told her he was unable to fix the brakes, and Mrs. B. went inside the station to use the phone while her daughter went to the rest room. Defendant came into the station, grabbed Mrs. B. from behind, forced her into a back room, handcuffed her to a pipe and forcibly raped her. Mrs. B. stated he had a knife and threatened to kill her if she screamed. Defendant kept both Mrs. B. and her daughter in the back room for several hours, then said he would drive them home. They were finally able to escape by jumping from the car when defendant stopped at a red light.

I.

Defendant was arrested on the night of the incident when he returned to the station. He was advised of his rights but was not questioned at that time. He was taken to the police station by Officer Ingrassia and again advised of his rights. Ingrassia asked him if he wanted to give a voluntary statement and defendant said yes and gave a written statement to the effect that he had merely gone to work that day and then returned home. After reading this statement, Ingrassia asked defendant why he omitted any reference to the victim and her daughter since he had already admitted their presence at the station. Ingrassia continued questioning defendant. This interrogation was tape recorded and during this time another police officer, Kay Minger, came into the room. She had just come from talking with the victim at the hospital. After a few minutes, defendant gave another written statement in which he admitted the rape and confinement. Officer Ingrassia testified that both written statements were on the table at that time, but that

when he checked the case file later the first statement was not there and he did not know what happened to it.

■ Defendant now alleges that the loss of his original exculpatory statement by the police violated his right to due process and prevented a fair trial. He cites as authority for his position *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645, in which this Court held that "the negligent destruction or withholding of material evidence by the police or the prosecution may present grounds for reversal." 263 Ind. at 42–43, 323 N.E.2d at 648. However, it is clear that the basic rule as enunciated first in *Hale v. State*, (1967) 248 Ind. 630, 230 N.E.2d 432, establishes a requirement of materiality as a condition precedent to claiming a denial of due process where evidence is negligently lost or withheld by the government.

Defendant alleges that it is unfair to place the burden of proof in proving the materiality of the lost evidence on defendant since the contents of the lost evidence would be unknown and unavailable to him. He argues that this rule would allow the state to destroy or withhold evidence with impunity where the state believes that defendant will be unable to accurately establish the contents of the lost evidence.

■ However, a closer examination of *Hale* shows that the burden of proving the materiality is not always placed on defendant. In *Hale, supra*, we stated:

> "Furthermore in all the cases which we have found concerning an actual negligent destruction of evidence which resulted in a reversal, the materiality was self-evident or a showing of materiality was prevented by the destruction." 248 Ind. at 636, 230 N.E.2d at 435.

In other words, the defendant is not required to show the materiality of the evidence if such a showing is prevented by the destruction of the evidence. In the instant case, the destruction of the exculpatory statement did not preclude defendant from showing its materiality, since the fact that he made such a statement and its approximate contents were clearly brought out by

the testimony of Officer Ingrassia. Defendant has not shown how he was prejudiced by the loss of this statement and we find no error here.

## II.

Next, defendant contends that his written and taped confessions were involuntary because they were induced by a promise from Officer Ingrassia. The record shows that both interrogating Officers Ingrassia and Minger testified that no threats or specific promises of any kind were made. However, defendant argues that after he gave the first exculpatory statement Officer Ingrassia made a comment to the effect that it would be best if he did cooperate. Defendant argues that this was an implied promise of immunity or mitigation of punishment in return for his cooperation and therefore renders his confession involuntary.

■ It is true that a confession is inadmissible if obtained by a promise of immunity or mitigation of punishment, *Ashby v. State*, (1976) 265 Ind. 316, 354 N.E.2d 192. However, it has often been held that vague statements by the police such as "seeing what they could do for him" or it would "be in his best interest to tell the real story" are not sufficient inducements to render objectionable a confession thereby obtained. *Perry v. State*, (1978) Ind.App., 374 N.E.2d 558; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. The statement of Officer Ingrassia in the instant case is not specific enough to constitute an offer of reduced punishment or a promise of immunity. The trial court did not err in admitting these statements.

## III.

Police officers found a blank gun lying on a desk in the room at the station in which the victim and her daughter had been held. When the gun was admitted into evidence at trial, defendant objected on the grounds that it was irrelevant and prejudicial. This objection was overruled, and defendant now argues the admission of the gun was reversible error.

The law in this state is clear that the trial judge has wide discretion in ruling on the relevancy of evidence in a criminal proceeding. *Williams v. State*, (1979) Ind., 387 N.E.2d 1317; *Barnes v. State*, (1975) 263 Ind. 320, 330 N.E.2d 743. Evidence having some tendency to prove a material fact is relevant. *Candler v. State*, (1977) 266 Ind. 440, 363 N.E.2d 1233; *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144; *Pirtle v. State*, (1975) 263 Ind. 16, 323 N.E.2d 634. Here, the presence of the gun corroborated defendant's own admission that a gun was present in the room where the rape occurred. The victim stated that defendant threatened to kill her if she screamed. The presence of the gun in the room was relevant to establishing the threat of force. There was no error in the admission of this evidence.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.