**Steven Carl PHILLIPS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1180S417.**

Supreme Court of Indiana.

Nov. 25, 1981.

Thomas R. Bullard, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Steven Carl Phillips, was charged by an information with burglary, a class B felony, in violation of Ind.Code § 35–43–2–1, and criminal deviate conduct, a class B felony in violation of Ind.Code § 35–42–4–2. He was convicted after a jury trial and sentenced by the court to fourteen years' imprisonment on each count, the sentences to run concurrently.

This appeal raises the issue of whether the trial court erred in denying the defendant's motion to suppress a confession. Phillips seeks a discharge or, in the alternative, a new trial, on the grounds that his confession was not voluntary because it was obtained by direct and implied promises by police officers that he would receive treatment for his mental problems instead of, or in addition to, incarceration.

Appellant recites that after his arrest on October 4, 1979, he was taken to a conference room at the Lake County Police De-partment building where he discussed the case with two police officers for just over one hour before giving a written statement. In it he admitted that he had thought about going to the house of M. R. about two weeks before the incident, but had "started doing other things to get it out of my mind," that on the day of the incident "it more or less hit me and I walked over there"; that he entered the house through an unlocked door, waited until M.R. returned, accosted her in her bedroom, told her to lie on the bed, tied her hands, and while showing a knife asked her to perform an act of sexual deviancy, telling her that he would not hurt her. He said in the statement that he knew that what he was doing was wrong and that he knew he needed psychiatric help.

At the hearing on the motion to suppress, Phillips testified on direct examination that during the one-hour discussion leading up to his giving the statement, he was not "given a *Miranda* warning." He said that he told Officer VanScoyk that he knew that he had a mental problem and wanted help. Phillips said that the officer "started talking about South Lake Mental Hospital and what he could promise me or get me at the time." Asked what the officer said he would do for him, Phillips answered that VanScoyk said that he would get him some "mental help." Asked whether there was a condition placed on getting the help, Phillips answered that VanScoyk said "it would be a lot better that I give a statement at the time." Phillips said later that he gave the statement, after being advised of his *Miranda* rights and signing a waiver, because he wanted to get "mental treatment." Later in the hearing on the motion to suppress, Officer VanScoyk testified that during the conversation he advised Phillips that he would make an attempt to seek mental help for him. VanScoyk also acknowledged that in a deposition he said that he advised Phillips that he promised to make an attempt to seek mental help for him. Elsewhere in the deposition, VanScoyk said that he would promise to do whatever he could to guarantee that treatment for him.

Phillips argues that Officer VanScoyk's use of the words "promise" and "guarantee" conveyed the impression that if he signed a confession he would receive mental treatment in lieu of or in addition to incarceration. This, he argues, amounted to a confession that was inadmissible because "obtained by any direct or implied promises, however slight." *Ashby v. State,* (1976) 265 Ind. 316, 354 N.E.2d 192, 195, quoting from *Shotwell Manufacturing Co. v. United States,* (1963) 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357.

The State is required to prove beyond a reasonable doubt that a confession is voluntary. *Burton v. State,* (1973) 260 Ind. 94, 292 N.E.2d 790. And in considering whether a statement is admissible, this Court has held that

"[W]e look to all the circumstances surrounding its giving to determine whether it was 'induced by any violence, threat, promises or other improper influence.'" *Ortiz v. State,* (1976) 265 Ind. 549, 553, 356 N.E.2d 1188, 1191.

And Ind.Code § 35–1–31–5 provides:

"The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

In *Ashby, supra,* we held that a confession was not voluntary in a case in which a police officer induced the appellants to confess by a "direct representation that by confessing, they would be able to secure a 'ten flat' sentence instead of a life sentence." *Ashby v. State,* 265 Ind. at 321, 354 N.E.2d at 192.

We do not agree with appellant that the promises made to him were the kind of promises of immunity or mitigation of punishment which rendered the confession in Ashby inadmissible. And even if we were to view them as promising immunity or mitigation of punishment, they were too vague to amount to an inducement. In *Ortiz v. State, supra,* we held that a detective's statements that the police would "see what they could do for the defendant", and that the detective "could probably talk to the prosecutor and make a deal", were vague promises that fell far short of the inducements in *Ashby.* See also, *Turpin v. State,* (1980) Ind., 400 N.E.2d 1119.

Other circumstances, Phillips argues, demonstrate that the statement was involuntary. These are that he had, in a prior arrest in New Mexico, signed a confession based upon a promise of "mental treatment" that was not fulfilled; that he had completed only the tenth grade; and that he was upset and nervous during the interrogation. We do not see the logical link to involuntariness of the first circumstance. The other two, however, relate to the claim that Phillips' will was overborne and that the confession was not the product of a rational intellect and a free will, citing *Sparks v. State,* (1967) 248 Ind. 429, 229 N.E.2d 642. There, a seventeen-year-old boy who had no prior experience with police was not advised that he need not make a statement about the crime of which he was accused, and that any statement he might make would be held against him.

Here, Phillips, who had previous experience with police officers, had been told of his rights to remain silent, to have counsel present during interrogation, and advised that any statement he might make could be used against him, and he waived those rights. He does not challenge the voluntariness of the waiver.

In reviewing the trial court's determination that a statement was voluntary beyond a reasonable doubt, we do not weigh the evidence, but determine whether there is sufficient evidence to support the finding. *Raines v. State,* (1971) 256 Ind. 404, 269 N.E.2d 378. In light of the testimony regarding the nature of the promises given, we hold that there was sufficient evidence to support the overruling of the motion to suppress.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.