**Moses WILSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1180S421.

Supreme Court of Indiana.

March 11, 1982.

Thomas J. Mullins, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979) and three counts of Attempted Murder, Ind. Code § 35–41–5–1 (Burns 1979) and was sentenced to a total of one hundred (100) years imprisonment.

This direct appeal presents the following issues:

(1) Whether the trial court erred in denying Defendant's motion to dismiss following a denial of Defendant's motion to compel discovery?

(2) Whether the trial court erred in granting the State's Motion in Limine regarding the background of the victims?

(3) Whether the trial court erred in permitting a nurse to testify as to the cause of death?

(4) Whether the trial court erred in admitting testimony regarding allegedly past criminal activity of the defendant?

\*　　\*　　\*

ISSUE I

Defendant assigns error to the prosecutor's failure to produce the automobile which was the scene of the crime. Defendant argues that this failure violated his right to due process of law and therefore entitled him to a dismissal.

The police first obtained the vehicle on December 14, 1978. On March 28, 1979, a general discovery order was directed by the trial court to both parties. On May 13, 1979, a few days before trial, the defendant made a specific request for the vehicle in which the victims were located at the time of the shooting. A hearing was held and Defendant said that the automobile was needed to impeach the witnesses regarding their versions of the shootings, and to demonstrate that others committed the crime. The prosecutor stated that the vehicle had been returned to its rightful owner and that its present whereabouts were unknown. The trial court ordered the prosecutor to give the defendant photographs of the vehicle that had been taken at the scene, as well as the vehicle identification number. The defendant did not object to this order.

Prosecutors have discretion to make determinations, after a charge has been filed and before Defendant has requested discovery, regarding the materiality of evidence and whether or not it should be retained, produced, or destroyed. *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645. Defendant correctly asserts that the negligent destruction or withholding of material evidence by the police or prosecution may present grounds for reversal. *Hale v. State*, (1967) 248 Ind. 630, 230 N.E.2d 432.

There is no evidence that the State intentionally deprived the defendant of potentially exculpatory evidence. Moreover, we believe photographs of the vehicle may be utilized, without substantial disadvantage, as well as the automobile in Defendant's quest for exculpatory evidence. The defendant had ample opportunity to use the photographs to impeach the victims. There is only speculation as to the possible use of the vehicle itself to show that others committed the crimes. We cannot assume that the vehicle contained exculpatory materials

when the record is devoid of any such indication. Under these circumstances, we find no reversible error in the "destruction" of the automobile by the police and no violation of the defendant's due process rights.

## ISSUE II

Defendant contends that the trial court erred in preventing testimony, on cross-examination, that the shooting victims were involved in prostitution and were therefore biased against the defendant.

The trial court granted the prosecution a limited motion in limine regarding the victims' testimony about possible prostitution activities on the grounds that prostitution is not an act of dishonesty and does not reflect upon credibility. Upon cross-examination of the victims, Defendant attempted to question the witnesses about their occupations. The prosecutor objected, citing the motion in limine. Defendant made no attempt to obtain a ruling on the admissibility of prostitution testimony.

■ Defendant argues that the trial court's exclusion of this evidence is fundamental error. This Court has held, however, that "the ruling upon the motion in limine is not reviewable upon appeal. The office of such a motion is not to obtain a final ruling upon the admissibility of evidence." Any harmful error will be available for appellate review only when a proper objection is entered at trial. *Akins v. State*, (1981) Ind., 429 N.E.2d 232, 237.

■ "To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant and the potential for harm must be substantial and appear clearly and prospectively." *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638. The trial court in granting the motion in limine had said that "the development of the (prostitution) testimony may be such that these matters may be a legitimate area of inquiry. If they appear to be, if you wish to pursue them, you may approach the bench at that time." Defendant therefore had the opportunity to explore prostitution testimony from the victims, but did not avail himself of this opportunity.

## ISSUE III

Defendant next requests that this Court rule that medical testimony is necessary to prove the cause of death in a homicide case.

■ We have held in numerous cases that medical testimony is not an absolute requirement to establishing the cause of death in a murder case. *Hall v. State*, (1978) 269 Ind. 24, 378 N.E.2d 823, *Hicks v. State*, (1981) Ind., 426 N.E.2d 411 (cases cited therein), *Brewer v. State*, (1981) Ind., 417 N.E.2d 889, 892. The cause of death is not an element of the offense itself; the element in question is the killing, absent a suggestion of intervening cause.

■ In the instant case, a nurse employed by the county coroner described the condition of the deceased's body at the scene of the shooting. Over Defendant's objection, the nurse testified that "death was due to a lacerated brain" and that the body had later been identified. Later, during the trial, the victims testified that the deceased had been unharmed until the defendant discharged the shotgun into the vehicle.

■ Circumstantial evidence is enough to establish beyond a reasonable doubt that the deceased died of a bullet wound. *Brewer, supra.* The defendant has failed to articulate any reasons why this should not be so in this case.

## ISSUE IV

Defendant next contends that the trial court erred in admitting prejudicial testimony of Defendant's alleged participation in another crime.

LaRon Mallette testified over Defendant's objection that some days before the shooting, he had abandoned a criminal activity that had been planned with the defendant. Defendant had thereupon threatened Mallette that "things are gonna go bad."

■ There is no doubt that Mallette's testimony concerning alleged criminal ac-

tivity other than that charged is generally inadmissible as prejudicial. However, such evidence may be admissible if probative of the question of motive. *Cobbs v. State,* (1976) 264 Ind. 60, 338 N.E.2d 632. Mallett's testimony is indicative of a motive for the shooting by the defendant of Mallette's vehicle. The trial court has broad discretion in ruling upon the relevance of such evidence and the test of relevance is whether the evidence has some tendency to render a desired inference more probable than it would be without the evidence. *Turpin v. State,* (1980) Ind., 400 N.E.2d 1119, 1122. There was no abuse of discretion in admitting this testimony.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.