No. 86-482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

JACK AMAYA, JR.,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Dirk Beccari, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Patricia J .Schaeffer, Asst. Atty. General, Helena
        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana; Ed McLean, Deputy County Atty., Missoula

---

Submitted on Briefs: May 14, 1987

Decided: July 13, 1987

Filed: JUL 13 1987

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant appeals his conviction of felonious theft entered in the Fourth Judicial District in and for Missoula County. We affirm.

Defendant, Jack Amaya, was convicted of the theft of a late-model truck stolen in December 1984 from a Houston, Texas suburb. In June 1985, authorities found the truck impaled on a guardrail on Highway 93 outside of Missoula, Montana. After checking the vehicle identification number and receiving information that this truck was stolen, the authorities removed the truck and secured it for evidentiary processing. A passerby who was an acquaintance of the defendant told police that he (passerby) had passed by the accident scene and had seen the defendant and a companion attempt to extricate the truck from the guardrail. When the passerby offered to help by calling the police, the defendant's companion declined, stating, "They're onto us."

From a photograph, the owner in Texas identified the truck as his missing vehicle. Fingerprints taken from the interior of the vehicle were identified as defendant's. The bumper, which had been imprinted with the dealer's name, had been burned with a blow torch. A lock-ring from the ignition was missing and the drive shaft was lying in the truckbed.

Defendant was eventually arrested and charged with the offense of felony theft. An omnibus hearing was held, and an omnibus order was entered in which the State noted that it had "disclosed all evidence favorable to defendant on the issue of defendant's guilt." Defendant was originally scheduled to stand trial on April 7, 1986, but failed to appear. Trial was finally held on May 12, and the defendant was found guilty by jury verdict. The District Court

2

sentenced defendant to ten years imprisonment, three years suspended. Defendant now appeals.

I

On appeal, defendant raises two related arguments. First, he argues the District Court erred in its refusal to dismiss the charge based on the fact that the stolen vehicle was unavailable at the time of trial. During the State's case in chief, defendant moved for a jury view of the stolen vehicle. However, the truck had been returned to the owners' insurance company, which had moved the truck out of state and had resold it. Defendant moved for dismissal of the theft charge, contending that a view of the truck was essential to his defense. The District Court denied the motion.

A

Defendant first argues that the State's "suppression" of this physical evidence violated §§ 46-5-301, -303, MCA. These statutes outline the procedural requirements for disposition of evidence seized pursuant to a search, with or without a warrant.

These statutes are inapplicable. This is not a search situation, warrantless or otherwise. The authorities found a vehicle, abandoned on a major highway and reported to be stolen. The authorities had an obligation to remove the vehicle and search for evidence. Defendant cannot persuasively maintain any legitimate expectation of privacy in a vehicle left under these circumstances. Where no reasonable or legitimate expectation of privacy exists, there is neither a search nor a seizure within the contemplation of the Fourth Amendment of the United States Constitution or Article II, Section 11 of the Montana Constitution . State v. Bennett (Mont. 1983), 666 P.2d 747, 749, 40 St.Rep. 1133,

3

1136. In this case, the warrantless search statutes cited by defendant are simply inappropriate.

Moreover, even were we to treat this as a warrantless search situation, the defendant, as discussed below, has failed to make the requisite showing of prejudice to his substantial rights by the State's alleged failure to comply with these procedural requirements. See State v. Lenon (1977), 174 Mont. 264, 277, 570 P.2d 901, 909 (discussing the requirements contained within the predecessor of § 46-5-301, MCA). We find no error.

B

Defendant further argues the State's disposition of the subject vehicle constituted suppression of evidence. He contends that under § 46-15-322, MCA,[1] and that under Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and its Montana progeny, the State's inability to produce the vehicle in effect represented a suppression of

---

1    Defendant specifically relies upon § 46-15-322(1)(e), MCA, which provides:

> (1) Upon arraignment in district court or at such later time as the court may for good cause permit, the prosecutor shall make available to the defendant for examination and reproduction the following material and information within his possession or control:
>
> . . .
>
> (e) all material or information that tends to mitigate or negate the accused's guilt as to the offense charged or that would tend to reduce his punishment therefor.

4

evidence favorable to the defense and thereby violated defendant's right to due process.

This Court previously addressed this legal argument in State v. Craig (1976), 169 Mont. 150, 545 P.2d 649. Therein, we required that the evidence in question be of some import, stating:

> [t]o obtain a new trial, the accused must show more than suppression; he must show the evidence was material and of some substantial use to him.

Craig, 545 P.2d at 651.

More specifically, we adopted as a test that, "[n]egligent suppression requires a reversal of a conviction where the result would have been different had the evidence been disclosed." Craig, 545 P.2d at 651.

The State now suggests that we adopt the tests subsequently articulated by the United States Supreme Court in United States v. Agurs (1976), 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342. In Agurs, the Supreme Court adopted a three-tiered standard of materiality for allegedly suppressed evidence. That standard which would presumably fit this situation renders omitted evidence material if it "creates a reasonable doubt [of guilt] that did not otherwise exist." Agurs, 427 U.S. at 112, 96 S.Ct. at 2402, 49 L.Ed.2d at 355.

We recognize the difficulty of engaging in a post-trial review to determine the cumulative effect of any specific, isolated item of evidence. However, in this case, under any definition of materiality we can find no error. We therefore find it unnecessary to address the Agurs standards.

The defendant has failed to demonstrate how this "suppression" was in any way material. The State provided the defendant, and later introduced into evidence without

objection, a series of photographs depicting the vehicle, the steering column, the ignition switch, and the driver's door. We agree that in the absence of specific and concrete reasons for preservation of the vehicle itself, use of photographs and other evidence of a vehicle can satisfy the prosecution's obligation. State v. Philbrick (Me. 1984), 481 A.2d 488, 493; Wilson v. State (Ind. 1982), 432 N.E.2d 30, 32-33. Additionally, ample testimony was presented concerning the condition of the vehicle. Defendant has been unable to explain why a jury view of the vehicle itself was necessary to his defense and why the photographs and general testimony were unsuitable substitutes. We will not assume that the vehicle contained exculpatory evidence when there exists no such indication in the record. We hold that the disposition by the authorities of the subject vehicle did not violate defendant's due process rights.

II

Finally defendant argues that the State violated his due process rights by failing to disclose evidence of other current vehicle theft investigations. At trial, a Missoula police officer divulged that an investigation was pending of two other vehicles stolen from Texas. Subsequently, the authorities arrested a suspect who pled guilty to the offense of theft. Upon defense inquiry, the deputy county attorney disclosed that the investigative file had not been revealed to the defense due to the pending criminal investigation and due to the fact that nothing exculpatory to the defendant was contained therein. The District Court conducted an in camera inspection of the investigative reports and, finding nothing exculpatory to the defendant, refused defendant's motion for full disclosure. Later during trial, transcripts of

6

investigative depositions were made available to defense counsel.

We find no error. Given defendant's apparent theory of defense, it is difficult to imagine what possible effect this information could have had on defendant's behalf. The prosecution's obligation to disclose information is by necessity limited to information that has a direct bearing on the case in question. The District Court fashioned an appropriate remedy by conducting an in camera inspection to determine whether any of this information was exculpatory. The court concluded that none of the information was exculpatory and the defendant has failed to show otherwise. His speculative arguments on the possible effects of immediate disclosure of this information are unpersuasive.

The conviction entered below is affirmed.

_____
Justice

We concur:

_____
John C. Sheehy

_____
L.C. Gulbrandson

_____
William E. Hunt Sr.

Justices

7