**Steven W. SHUMAKER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 85S00–8606–CR–596.

Supreme Court of Indiana.

June 9, 1988.

**1382**

Susan K. Carpenter, State Public Defender, Kenneth M. Stroud, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

In this appeal of his conviction for the murder of his wife, defendant presents three evidentiary rulings as issues of reversible error:

1) admission of victim's prior affidavit from dissolution proceeding;
2) exclusion of omitted witness's testimony;
3) exclusion of physician's testimony.

*Dissolution Affidavit as Hearsay*

■ The first contention is that the trial court erred in admitting over defendant's hearsay objection an affidavit of the victim alleging that defendant had threatened to do her physical harm and on several occasions physically abused her. The affidavit had been filed in a prior dissolution proceeding with a request for an *ex parte* temporary restraining order against the defendant. Arguing that the affidavit here is an out-of-court statement offered to prove the truth of the matters asserted therein and not susceptible to cross-examination, thus amounting to hearsay, defendant further contends that the affidavit does not

fall into any properly recognized exception to the hearsay rule.

We agree that the affidavit is hearsay and was improperly admitted. However, the evidence contained therein was merely cumulative with respect to testimony of several other witnesses regarding defendant's abusive physical conduct and verbal threats toward the victim. Testimony of other witnesses demonstrated that during the three to five years prior to the fatal incident, defendant had often subjected his wife to physical abuse. They were often heard fighting and shouting, often with the victim pleading with her husband not to hit her again, followed by a audible "hitting" sound. Testimony was also presented showing defendant's prior threats to kill his wife.

In view of the overwhelming evidence taken as a whole we find that the erroneous admission of the affidavit was harmless beyond a reasonable doubt.

*Exclusion of Omitted Witness's Testimony*

Witness lists were prepared and exchanged by both parties prior to the commencement of trial. Thereafter, during voir dire, it was discovered that Sharon Black, one of the prospective jurors, had been an acquaintance with both the victim and the defendant. Three and one half days into the trial and during its case-in-chief, the defense called Mrs. Black as a witness. The State objected for the reason that her name was not included on defendant's list of witnesses. Defense counsel informed the court that he first learned of Mrs. Black's knowledge during voir dire. In response to the court's question as to why her name was not immediately given to the State as a proposed witness, defense counsel replied that it was an unintentional oversight, and described her expected testimony as concerning "a very narrow issue of character and reputation." Defendant's offer to prove asserted that Mrs. Black would testify that she had known the defendant and the victim for five years as a bowling partner, that she had never observed them argue, and that she thought

"everything was fine between the two of them." The trial court ruled that the witness would not be allowed to testify.

■ A trial judge has the responsibility to direct the trial in a manner which facilitates the ascertainment of truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal defendant. *Allen v. State* (1982), Ind., 439 N.E.2d 615; *State ex rel. Keller v. Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433; *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundamental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated. *Reid, supra.* Where remedial measures are warranted, a continuance is usually the proper remedy, but exclusion of evidence may be appropriate where the discovery non-compliance has been flagrant and deliberate, or so misleading or in such bad faith as to impair the right of fair trial. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Crenshaw v. State* (1982), Ind., 439 N.E.2d 620. The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings, and will be granted deference in assessing what constitutes substantial compliance with discovery orders. *Allen, supra; Harris v. State* (1981), Ind., 425 N.E. 2d 112. Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned. *Wagner, supra; Murphy v. State* (1982), Ind., 442 N.E.2d 1012.

While conceding he violated the trial court's discovery order, defendant argues that the extreme sanction of witness exclusion was improper because the omission was unintentional. He further argues that the omitted testimony was relevant upon the issue of whether defendant "accidentally" or "knowingly" killed his wife. Defendant contends that by excluding the testimony, he was denied the opportunity to present relevant evidence of his non-violent character toward his wife, particularly as rebuttal to the State's evidence of defendant's prior violence toward his wife.

Specific considerations and guidelines applicable to the present case are found in *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 991:

When a criminal defendant seeks to introduce testimony in violation of a pretrial discovery order, the trial court must conduct a hearing to consider the surrounding circumstances of the defendant's breach. A defendant's violation of a pretrial discovery order does not *ipso facto* constitute grounds for the exclusion of testimony. The most extreme sanction of witness exclusion should not be employed unless the defendant's breach has been purposeful or intentional or unless substantial and irreparable prejudice would result to the State. In order to reach a just decision which fully assess the right of both parties to a fair trial and the criminal defendant's Sixth Amendment right to present witnesses on his behalf, the following kinds of questions should be asked:

(1) Whether the nature of defendant's violation was trivial or substantial. The trial court should consider when the witness first became known to defense counsel.

(2) How vital the potential witness' testimony is to the defendant's case. The trial court should determine the significance of the proffered testimony to the defense. Is the testimony relevant and material to the defense or merely cumulative?

(3) The nature of the prejudice to the State. Does the violation have a deleterious impact on the case prepared by the State?

(4) Whether less stringent sanctions are appropriate and effective to protect the interest of both the defendant and the State.

(5) Whether the State will be unduly surprised and prejudiced by the inclusion of the witness' testimony despite the available and reasonable alterna-

tive sanctions (e.g., a recess or a continuance) which can mitigate prejudice to the State by permitting the State to interview the witnesses and conduct further investigation if necessary.

It may well be that other factors will be relevant in a given case or that some of the foregoing will be inapplicable to a certain set of facts. Of course, when a defendant seeks to call a previously undisclosed witness, he must make an offer of proof on the nature of the proffered testimony. [footnote omitted]

We note that defendant's brief admits that the evidence to be provided by Sharon Black "was not overpowering," and had only "some slight tendency" to prove defendant's culpability. At trial, defense counsel informed the trial court, "I don't see how the State could be harmed by it."

■ Because the violation of the discovery order began and continued during the first three days of trial, and was not corrected until after the State had concluded its case-in-chief, we find defendant's discovery order violation to be substantial, even though possibly inadvertent. In view of defense counsel's characterization of the testimony, we cannot conclude that it was vital to defendant's case. We further find that the proffered evidence was largely cumulative of evidence offered by other defense witnesses regarding defendant's propensity for non-violence toward his wife. While we agree that the extreme sanction of witness exclusion should rarely be imposed absent intentional concealment or substantial resulting prejudice, we cannot fault the trial judge for his imposition of the sanction in this case, given the nature and significance of the proposed testimony and the status of the trial at the time. We decline to reverse on this issue.

### Exclusion of Physician's Testimony

James F. Hanus, M.D., testified as a defense witness. Dr. Hanus, a general practitioner, described himself as the family physician of defendant's wife. Defend-

ant now contends that reversible error occurred when the trial court sustained the State's objection, asserting irrelevancy and hearsay,[1] to the question, "Did she ever tell you that she had suffered abusive conduct by her husband?"

Defendant argues that the doctor's answer was particularly relevant as rebuttal to the victim's dissolution affidavit, previously admitted, which contained the assertion "due to the severity of said physical abuse the petitioner herein has had to seek medical help and has been hospitalized." While defendant failed to make an offer of proof, we will assume that the doctor would have answered in the negative. Defendant contends that the doctor's answer would be relevant to evidence presented by the State that the defendant had frequently beat his wife in the past. In response to the hearsay claim, defendant argues that the absence of a statement does not fall within the definition of hearsay as an out-of-court declaration offered to prove the truth of the facts asserted therein.

After the trial court sustained the State's objection, however, the defense was permitted to request Dr. Hanus to tell the jury "what you have treated [defendant's wife] for," to which the doctor summarized his patient's hospitalizations and medical treatment, including the patient's description of causation of trauma. Thus, in effect, defense counsel was successful in obtaining from Dr. Hanus the information previously excluded by the sustained objection.

■ The trial court is vested with broad discretion in ruling on the relevance of evidence. *Denton v. State* (1986), Ind., 496 N.E.2d 576; *Turpin v. State* (1980), 272 Ind. 629, 400 N.E.2d 1119. If the offered evidence is only marginally relevant, it is within the sound discretion of the trial court to determine its admissibility. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, *cert. denied*, (1986), 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723. Even if erroneous, hearsay rulings do not compel reversal

---

**1.** The physician-patient privilege is not in issue. It was not the basis of the State's objection as sustained by the trial court.

in the absence of resulting harm. *Henderson v. State* (1983), Ind., 455 N.E.2d 1117. Considering the substance of the doctor's testimony admitted in evidence, we decline to find reversible error on this issue.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.