**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Leroy HAWKES, Defendant–**
**Appellant.**

No. 02–30258.

D.C. No. CR–01–00025–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2003.*

Decided May 15, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM***

John Leroy Hawkes, Jr., appeals the district court's denial of his suppression motion on the ground that the court did not first hold an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

■ Hawkes' motion to suppress does not raise any "contested issues of fact" that would require an evidentiary hearing. Therefore, the district court did not abuse its discretion by denying the motion to suppress without holding an evidentiary hearing. *See United States v. Ramirez–Garcia,* 269 F.3d 945, 947 (9th Cir.2001) (evidentiary hearings on motions to suppress are only required if the moving papers allege facts with sufficient definite-ness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist); *United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000) (a district court's decision not to hold an evidentiary hearing on a motion to suppress is reviewed for abuse of discretion).

■ Upon discovering the truck and snowmobile trailer on the roadway, the officers noticed through the windshield that the VIN number was missing from the truck's dashboard. A check of the VIN numbers on the snowmobiles revealed that the snowmobiles were stolen. The officers had probable cause to seize the vehicle. *See California v. Carney,* 471 U.S. 386, 392, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985) (police may search a vehicle without a search warrant where they have probable cause to believe that the vehicle contains contraband or evidence of a crime); *United States v. George,* 883 F.2d 1407, 1412 (9th Cir.1989) (probable cause requires a reasonable belief, evaluated in light of the officer's experience and the practical considerations of everyday life, that contraband or evidence would be found in the place to be searched); *United States v. Garcia–Acuna,* 175 F.3d 1143, 1146–47 (9th Cir.1999) (vehicle stop based in part on factually erroneous, but reasonable, belief that license plate displayed did not belong to the vehicle was supported by reasonable suspicion).

■ Montana law is not opposite. Mont.Code. Ann. § 61–12–401 defines when a vehicle left on public or private property can be considered "abandoned" for purposes of impoundment. It does not prevent removal of a vehicle left upon the

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

roadway for less than 48 hours when there is probable cause to seize the vehicle. *See, e.g., State v. Amaya,* 227 Mont. 390, 739 P.2d 955, 957 (1987) (there is no legitimate expectation of privacy in a vehicle reported stolen and abandoned on the roadway).

The district court's denial of the motion to suppress was free from error. *See United States v. Ayers,* 924 F.2d 1468, 1479 (9th Cir.1991) (the lawfulness of a search presents a mixed question of fact and law that is reviewed *de novo* ); *United States v. Alexander,* 106 F.3d 874, 877 (9th Cir.1997) (a district court's factual findings must not be reversed if the findings are plausible in light of the record viewed in its entirety, even if it is possible to weigh the evidence differently).

AFFIRMED.