**Royce Edsel DENTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185S455.**

Supreme Court of Indiana.

Aug. 22, 1986.

Rehearing Denied Sept. 29, 1986.

Sheila Suess Kennedy, Mears Crawford Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a retrial on the issue of appellant's habitual offender status. In 1981, a jury found appellant guilty of Rape, a Class B felony, and also found him to be an habitual offender. The court imposed a forty-five (45) year sentence. On direct appeal this Court affirmed the conviction. *Denton v. State* (1983), Ind., 455 N.E.2d 905.

On March 15, 1984, appellant filed a Motion to Correct Erroneous Sentence in which he alleged that one of the prior felony convictions shown in the habitual offender proceeding had been vacated. Attached was the judgment of the Hancock Circuit Court entered October 12, 1983, granting appellant's Petition for Post-Conviction Relief and vacating his 1975 conviction for rape and commission of a crime of violence while armed. On August 13, the trial court granted appellant's motion and set aside the habitual offender finding.

On September 4, the State filed a motion for retrial as to the habitual offender status. In December, the court granted the State's oral motion to file an amended habitual offender count. On May 2, 1985, a jury found that appellant had accumulated two or more prior unrelated felony convictions and that he was an habitual offender. The court then resentenced appellant, adding thirty (30) years to the fifteen (15) years previously imposed on the Class B felony conviction.

Appellant contends the trial court erred in overruling both his motion to dismiss and his *pro se* motion to quash the amended habitual offender charge. The motions were premised on his assertion that the vacation of the first habitual offender determination was in effect a ruling that the jury's finding was not supported by sufficient evidence and, as a result, the State was barred by the Double Jeopardy Clause of the United States Constitution and by Ind.Code § 35–41–4–3 from retrying him as an habitual offender.

Appellant correctly recognizes that this Court has held the doctrines of double jeop-

ardy and collateral estoppel to be inapplicable to habitual offender proceedings. *Mers v. State* (1986), Ind., 496 N.E.2d 75; *Durham v. State* (1984), Ind., 464 N.E.2d 321 (DeBruler, J., and Prentice, J., dissenting); *Baker v. State* (1981), Ind., 425 N.E.2d 98 (DeBruler, J., and Prentice, J., dissenting). As stated by Justice Hunter, "[b]ecause the habitual offender statute does not create new or separate offenses and the habitual offender proceeding does not deal with the underlying facts on the substantive charge, the use of prior convictions at more than one habitual offender proceeding does not constitute double jeopardy." *Baker, supra* at 101. While this case presents a somewhat different question than those addressed in *Durham* and *Baker,* in that here the State filed an amended habitual offender count after successfully proving appellant's habitual offender status at the initial trial, the rationale of those cases is controlling.

After the State had successfully proven appellant's habitual offender status, the subsequent vacation of one of the prior felony convictions shown at the original proceeding created no impediment to a retrial on the issue of his habitual offender status. The trial court did not err in overruling appellant's motion to dismiss and motion to quash.

■ Appellant contends the trial court erred in allowing the State to file an amended habitual offender count alleging a prior unrelated felony conviction which was not alleged in the original charge.

On December 26, 1984, the State orally moved to file an amended habitual offender count. The motion was granted. The amended affidavit was filed under the same cause number as the original proceeding. The amended count alleged four prior unrelated felony convictions, one of which, unlawful possession of mail, was not alleged in the original count.

The statute upon which appellant relies provides:

"Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated or changes the identity of the offense charged; nor may any indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations." Ind. Code § 35–3.1–1–5(e) (Burns 1979) (repealed by Acts 1981, P.L. 298, recodified as Ind.Code § 35–34–1–5) (emphasis added).

The amended affidavit clearly stated that appellant was alleged to be an habitual offender, and in no way changed either the theory of the charge as originally stated or the identity of the "offense" charged. Appellant has not alleged any factual deficiency in either the original or amended habitual offender counts. *See Anderson v. State* (1982), Ind., 439 N.E.2d 558. We can discern no prejudice to appellant resulting from the amendment. *Gilmore v. State* (1981), 275 Ind. 134, 415 N.E.2d 70. The trial court committed no error in allowing the State to file the amended habitual offender count.

■ In an issue raised in his motion to quash, appellant argues his retrial was motivated by prosecutorial vindictiveness. He contends the addition of a fourth alleged prior felony conviction in the amended charge, when the State was only required to prove two prior unrelated felony convictions, demonstrated prosecutorial vindictiveness.

That argument is without merit. The cases cited by appellant, *Murphy v. State* (1983), Ind., 453 N.E.2d 219 (Pivarnik, J., and Givan, C.J., dissenting) and *Cherry v. State* (1981), 275 Ind. 14, 414 N.E.2d 301 (Pivarnik, J., and Givan, C.J., dissenting), *cert. denied,* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033, are potentially applicable only where the State, following a successful appeal or motion for mistrial by a defendant, files more numerous or more severe charges for the same basic criminal conduct. Appellant was confronted on retrial with precisely the same charge, an

allegation that he was an habitual offender, the only change being in the specification of the prior felony convictions. There is no indication that the retrial was motivated by prosecutorial vindictiveness. *See Durham, supra.*

■ Appellant asserts the trial court improperly instructed the jury that in 1963 the offense of grand larceny was a felony.

The proposed final instruction tendered by appellant read as follows: "You are instructed that in 1963, a commitment to the Indiana State Farm was a commitment for a misdemeanor." The court refused to give the tendered instruction, and instead instructed the jury: "You are instructed that on November 7, 1963 the law in the State of Indiana provided that Grand Larceny was a felony." The record reveals that appellant, then age 19, was found guilty in 1963 of grand larceny and sentenced under the minor statute to three (3) months at the Indiana State Farm.

In determining whether an instruction was properly refused, this Court considers whether the tendered instruction correctly stated the law, whether there was evidence in the record to support the giving of the instruction and whether the substance of the tendered instruction was covered by other instructions which were given. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153; *Richey v. State* (1981), Ind., 426 N.E.2d 389. It is not error for a trial court to refuse to give an instruction which erroneously states the law or is confusing and misleading to the jury. *Tunstall v. State* (1983), Ind., 451 N.E.2d 1077; *Richey, supra.*

Appellant argues that under the authority of *Shaw v. State* (1965), 247 Ind. 139, 211 N.E.2d 172, in which this Court held that a prior felony conviction resulting in imprisonment in the Indiana State Farm rather than the Indiana State Prison was not sufficient to support a determination under the habitual criminal statute, his 1963 conviction was not a felony conviction and thus his tendered instruction was a correct statement of the law as it then existed.

*Shaw* was expressly overruled in *Bernard v. State* (1967), 248 Ind. 688, 230 N.E.2d 536. It has subsequently been held that the fact that a defendant was committed to the State Farm rather than the State Prison does not transform a felony conviction into a misdemeanor conviction for purposes of an habitual offender determination. *See, e.g., Clay v. State* (1982), Ind., 440 N.E.2d 466; *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211. The court's final instruction was a correct statement of the law; therefore, it did not err in so instructing the jury or in refusing appellant's tendered instruction.

■ In a similar contention, appellant argues the trial court improperly instructed the jury that his 1970 conviction for theft was a felony conviction in light of his defense that he actually pled guilty to the lesser included offense of joy riding.

The court's Final Instruction No. 12 reads as follows: "You are instructed that on October 30, 1970, the law in the State of Indiana provided that Theft was a felony." Appellant did not tender a proposed instruction on the offense of joy riding.

Appellant did testify that "I pled guilty to the lesser offense of theft and I received thirty days and the only reason I pled guilty the Judge said it would be a misdemeanor if I'd plead guilty." He further testified that a transcript of the 1970 proceeding was not available to him. He now contends that if the jury chose to believe his version of the 1970 conviction, it would follow that it was not one for which he might have been imprisoned in excess of one year and therefore could not be considered a felony conviction.

That contention is not supported by the record. The charging instrument, dated September 25, 1969, alleged the offense of theft of a motor vehicle as a felony. The next exhibit is a certified copy of the docket indicating that a trial was had resulting in a finding of guilty. Such evidence clearly supported the instruction given by the court. *Van Orden, supra.* The trial court

properly instructed the jury concerning the 1970 conviction.

Appellant contends the trial court further erred by preliminarily instructing the jury concerning his conviction on the underlying rape charge.

■■■ Appellant objected to the following preliminary instruction:

"Heretofore, on 10–13–81, a jury returned a guilty verdict against the Defendant, Roy Edsel Denton, of the underlying charge, a Class B Felony. That conviction stands and you are not to speculate about it, except you are instructed that it is a felony conviction. You are further instructed that you are not to speculate as to why you are now being asked to determine whether the Defendant, Roy Edsel Denton, is an habitual offender."

The crux of his argument is that because the underlying conviction was irrelevant to the habitual offender determination, the instruction allowed the jury to speculate as to the nature of the underlying charge without knowledge of any defense he might have presented and thus the instruction served "no purpose but to inflame the jury and prejudice it against" him.

The instruction of the jury is within the discretion of the trial court. *Tanner v. State* (1984), Ind., 471 N.E.2d 665. Any error in a particular instruction will not warrant a reversal unless the error is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056.

Although the issues before the jury did not include appellant's guilt or innocence of the underlying felony charge, that conviction was a necessary part of the proceeding. While in the usual habitual offender determination the same jury hears both the felony charge and the recidivist charge in a bifurcated proceeding, we have previously held that it is permissible for a different jury than the one who heard the case on the underlying felony charge to determine a defendant's habitual offender status.

*Funk v. State* (1981), Ind., 427 N.E.2d 1081; *State v. McMillan* (1980), 274 Ind. 167, 409 N.E.2d 612, *cert. denied* (1981), 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207.

Where, as here, an habitual offender finding is vacated and the issue is then retried before a new jury, we fail to discern any harm resulting from the giving of a preliminary instruction such as the one set out above. Without such an instruction, it would be unclear to the jury why the proceedings were taking place. The instruction at issue is specifically worded to limit speculation by the jury. The province of the jury was not invaded by the giving of the instruction, which cannot be interpreted to have misled them on the law of the case. *Mers, supra; Grossenbacher, supra.* We find no abuse of discretion by the trial court in giving the preliminary instruction.

Appellant contends the jury's verdict is not supported by the evidence and is contrary to law.

"Our standard of review on this issue, as on a review of any sufficiency issue, is that this Court will consider only that evidence most favorable to the state, along with all logical and reasonable inferences which may be drawn therefrom." *Harmer v. State* (1983), Ind., 455 N.E.2d 1139, 1141.

The record indicates that on August 10, 1977, appellant pled guilty in the United States District Court for the Northern District of Indiana to two counts of unlawful possession of mail, 18 U.S.C. § 1708, and received concurrent five (5) year sentences. On November 5, 1979, appellant pled guilty in the United States District Court for the Southern District of Indiana to the offense of escape, 18 U.S.C. § 751(a), and received a thirty (30) day sentence.

No issues concerning the facts of conviction or identity have been raised by appellant. His attack on the sufficiency of the evidence is twofold: 1) at the time he was convicted of unlawful possession of mail, Ind.Code § 35–1–1–1 (Burns 1975) (repealed by Acts 1976, P.L. 148, recodified as Ind. Code § 35–50–2–1), which defined a felony as an offense punishable by death or im-

prisonment in the state prison, did not apply to offenses resulting in imprisonment outside the Indiana penal system; and 2) pursuant to 18 U.S.C. § 751(a), the sentence for an escape conviction is contingent upon the offense for which the defendant is confined at the time of the escape, and there was no evidence before the jury as to whether he had been confined for a felony or for a misdemeanor.

■ Both arguments are unavailing. Convictions not within the jurisdiction of the Indiana courts are admissible in a habitual offender determination. *Harmer, supra; Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. Appellant has cited no contrary authority to support his construction of Ind.Code § 35-1-1-1. The conviction for unlawful possession resulted in appellant's imprisonment, albeit in a federal, rather than an Indiana, penal institution.

■ Appellant's second contention flows from a misreading of the statute governing the offense of escape. Title 18 U.S.C. § 751(a) provides for a sentence of not more than five (5) years "if the custody or confinement is by virtue of an arrest on a charge of felony, or *conviction of any offense.*" (emphasis added). State's Exhibit No. 10, admitted without objection, is a certified copy of the indictment charging appellant with escaping from the "custody of the Attorney General by virtue of a judgment and commitment on August 10, 1977 of the United States District Court for the Northern District of Indiana." Such evidence shows appellant was convicted of a crime for which he might have been imprisoned for more than one (1) year. *See* Ind.Code § 35-50-2-1. We find there was sufficient evidence of probative value to support the verdict of the jury.

■ Appellant argues the trial court erroneously submitted a special verdict form to the jury. He contends the verdict form was contrary to law because under Ind.R. Tr.P. 49, which is applicable to this proceeding pursuant to Ind.R.Cr.P. 21, the use of special verdicts and interrogatories has been abolished. Appellant further argues the submission of the verdict form "substantially harmed [him] since it did not require the jury to make a finding on all issues presented in the case."

The verdict form called for the jury to find: whether the State "has/has not" proved beyond a reasonable doubt that appellant was convicted of each of the four alleged prior felonies; whether appellant "has/has not accumulated two or more prior unrelated felony convictions;" and whether "he is/is not an habitual offender."

We cannot agree with appellant's characterization of the verdict form. As defined in *Black's Law Dictionary* 1399 (5th ed. 1979), a " 'special' verdict is a statement by the jury of the facts it has found—in essence, the jury's answers to questions submitted to it; the court determines which party, based on those answers, is to have judgment." The form actually calls for a general verdict, which is "[a] finding by the jury in terms of the issue, or all the issues, referred to them." *Id.*

The issues to be determined were whether appellant had accumulated two (2) prior unrelated felony convictions and whether he was an habitual offender. Ind.Code § 35-50-2-8(d). The verdict form calls for the jury to decide those issues, leaving nothing for the court to determine. The trial court did not err in submitting the form to the jury.

■ Appellant contends the trial court erred in denying his Ind.R.Cr.P. 12 motion for change of judge.

On December 27, 1984, appellant filed a *pro se* motion for change of judge. A record entry dated January 4, 1985, indicates the court denied the motion "as not timely filed." Appellant contends the ten-day time limit set out in the rule began to run on December 26, 1984, the day the State's oral motion to amend the habitual offender count was granted, and therefore the court had no basis to deny his motion as untimely.

In a criminal proceeding a ruling on a motion for change of judge is discretionary. Ind.R.Cr.P. 12; *Gary v. State* (1984), Ind., 471 N.E.2d 695. On appellate review, the burden is on the defendant to show a clear abuse of that discretion. *Gary, supra; White v. State* (1982), Ind., 431 N.E.2d 488.

Ind.R.Cr.P. 12 provides in pertinent part:

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial."

This case is unusual procedurally, in that appellant was tried solely on the issue of his habitual offender status several years after his conviction on the underlying felony charge. Appellant therefore had no arraignment or occasion to enter a plea of not guilty upon the State moving for a retrial. Nevertheless, we find no abuse of the trial court's discretion under these circumstances.

On September 4, 1984, the State filed its Motion for Retrial as Habitual Offender. On September 10, the court set the cause for a jury trial on October 25. Over the next several months appellant filed several motions, including a motion for a continuance.

The criminal rule mandates that a defendant must move for a change of judge within ten days after being advised of the charge and entering a plea of not guilty. Appellant had notice of the renewed habitual offender charge and of the date for retrial on that issue fully three months before his motion for change of judge was filed. He did not allege any new evidence of cause for a change of which he did not have knowledge at the time the trial date was set. *See Haskett v. State* (1979), 179 Ind.App. 655, 386 N.E.2d 1012. The court properly denied the motion as not timely filed.

Appellant contends the trial court erroneously admitted various certified documents, namely State's Exhibits Nos. 1, 2, 3, 5, 7, 8, 9, 11, 12, 13 and 14.

In a criminal proceeding the trial court has broad discretion in ruling on the relevance of evidence. *Turpin v. State* (1980), 272 Ind. 629, 400 N.E.2d 1119. Evidence is relevant if it logically tends to prove or disprove some issue of fact. *White v. State* (1981), Ind., 425 N.E.2d 95.

Exhibits Nos. 1, 2 and 3 were certified copies of the information, order book entry of the guilty plea and order book entry of the sentencing relating to appellant's 1963 conviction for grand larceny. Appellant objected to the admission of the documents on the basis that they did not contain specific code citations and did not tend to establish whether the offense was a felony or a misdemeanor. He now further asserts the doctrine of laches should preclude the State from using documents which related to a twenty-year-old conviction.

The exhibits are all readily identifiable with the applicable statute as alleged in the amended habitual offender charge. As discussed above, the conviction was, as a matter of law, for a felony. The laches argument, for which appellant cites no supporting authority, is without merit. While appellant claims he was prejudiced because the conviction was so old as to make proof of a defense difficult, there is no indication he attempted to present an affirmative defense to the fact of the conviction. *See Havens v. State* (1981), Ind., 429 N.E.2d 618 (whether alleged prior conviction had been set aside or had resulted in a pardon is affirmative defense).

As to Exhibit No. 5, the information and an order book entry relating to the 1970 conviction for theft, appellant similarly contends that there was no specific code citation and, incorporating his earlier argument, that the conviction was not for a felony. Again, the applicable code citation was identifiable in the charge and we have already decided the latter contention adversely to appellant's position.

Exhibit No. 7 was a copy of the federal indictment for unlawful possession of mail. Appellant's argument that it was inadmissible because the conviction was not alleged in the original habitual offender charge is, as previously discussed, unavailing. He further argues the indictment alleged three additional counts against him which were not included in the amended habitual offender charge.

■■■ Evidence relative to proof of the prior conviction alleged is admissible even if that evidence also tends to prove an unalleged prior conviction. *Golden v. State* (1985), Ind., 485 N.E.2d 51. The likelihood of any improper inferences was minimized by the admission of State's Exhibit No. 8, a certified copy of the commitment for the unlawful possession of mail conviction, which shows that appellant was convicted on two counts, resulting in concurrent sentences, and that the other two counts were dismissed. There was no error in the admission of the exhibit.

Appellant asserts Exhibit No. 8 and Exhibit No. 9, a packet of documents from the systems manager for the U.S. Department of Justice, Bureau of Prisons, were irrelevant because the conviction for unlawful possession of mail should not have been included in the amended habitual offender charge. We have already determined that there was no trial court error in allowing the State to amend the charge to include a conviction not alleged in the original count.

Exhibits Nos. 11 and 12 were certified copies of the judgment and commitment and a prison packet relating to appellant's escape conviction. Appellant's objection was based on his argument that the documents did not shed any light on whether the crime was charged as a felony or a misdemeanor. Once again, this contention has already been decided adversely to appellant's position.

Exhibit No. 13 was a prison packet containing copies of his sentencing and commitment for the 1970 theft conviction. The documents were certified by the acting record custodian at the Indiana State Farm. Appellant contends the documents were not properly certified because they were not certified by any person charged with keeping court records.

That argument is without merit. The documents were attested to be true and correct copies by the keeper of the records. *Gilmore, supra; Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155.

Exhibit No. 14 was a certified copy of appellant's underlying felony conviction. As stated above, we fail to discern any harm resulting from the court informing the jury that appellant had earlier been convicted of the underlying rape charge. The exhibit tends to prove the fact of that conviction. *White, supra.* For the foregoing reasons, we find no abuse of the trial court's discretion in admitting the controverted evidence.

Appellant claims the trial court erred in denying his motion for a mistrial.

■■■ On cross-examination, appellant was questioned concerning a 1963 conviction for second degree burglary. Defense counsel objected on the ground the State had shown no evidence to substantiate the question. The court, upon inquiring whether the conviction appeared on the police record, learned that a copy of the record had not been provided to defense counsel. Appellant's motion for a mistrial was denied, but the court prohibited any further questioning because defense counsel was not provided with a copy of the police record. The court then admonished the jury to disregard the question.

We agree with the State that this issue actually concerns a question of discovery noncompliance and not, as appellant contends, the injection of an evidentiary harpoon. As impeachment by a showing of a prior conviction is permitted under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, this is not an instance where the prosecutor has deliberately introduced improper evidence to influence the jury. *See Lewis v. State* (1982), Ind., 438 N.E.2d 289.

■■■ A trial court has wide discretion in remedying a discovery violation. *Carson*

*v. State* (1979), 271 Ind. 203, 391 N.E.2d 600. We find no abuse of discretion here, as the trial court prohibited any further questioning and admonished the jury to disregard the question.

Appellant contends the trial court, in responding to a request for reinstruction, committed error by sending to the jury room a copy of each written instruction without notifying the parties.

"The proper procedure upon a request for a reinstruction is to reread all the instructions." *Baum v. State* (1978), 269 Ind. 176, 179, 379 N.E.2d 437, 439. While this Court does not condone the practice of sending written instructions into the jury room, *Henning v. State* (1985), Ind., 477 N.E.2d 547, such practice does not constitute reversible error where the instructions are not marked so as to give rise to a potential for misconstruction or undue emphasis, or do not present a danger of speculation by the jury as to the relative importance of different instructions. *Maxie v. State* (1985), Ind., 481 N.E.2d 1307; *Henning, supra.*

The instructions in the instant case are devoid of any markings which may have given rise to speculation by the jury. The court sent all the instructions which had previously been read to the jury. *Baum, supra.* We find no reversible error under these circumstances.

Appellant's final argument is that the court erred in compelling him to submit to being fingerprinted during the trial. He contends such compulsion violates his Fifth Amendment right against self-incrimination.

Appellant's argument is unavailing. It has been consistently held that the constitutional right against self-incrimination protects a defendant from testimonial compulsion and not against compulsory submission to physical tests such as fingerprinting. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299; *Pearson v. State* (1982), Ind., 441 N.E.2d 468.

The trial court is in all things affirmed.

All Justices concur.