Kenneth Ray **GILLIAM**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 02S00–8807–CR–604.

Supreme Court of Indiana.

Nov. 27, 1990.

James D. Kirke, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

In 1983, a jury trial resulted in the conviction of appellant of Voluntary Manslaughter, for which he received a sentence of ten (10) years which was enhanced by thirty (30) years by reason of his status as a habitual offender.

Appellant subsequently filed a petition for post-conviction relief in one of the prior felony convictions which had been used to establish his status as a habitual offender. The denial of that petition was reversed by the Indiana Court of Appeals in an unpublished opinion and the prior conviction was ordered set aside.

Appellant then filed a motion to vacate and set aside the habitual offender status which had been found in the instant case. This the trial court did. However, the State immediately filed a motion for retrial of appellant as a habitual offender, which motion was granted. A second jury was impaneled and the State established that appellant had been convicted of burglary in Allen County and was sentenced for that conviction on February 7, 1978. Evidence further showed that appellant had been convicted of felonious assault in Ohio, which assault was committed on October 2, 1979. The record further shows that the instant crime of voluntary manslaughter was committed on May 9, 1983.

Appellant claims the trial court erred in denying his motion to dismiss. Appellant contends the State of Indiana is barred from proceeding to retrial on the issue of his status as a habitual offender in that such trial violates the constitutional prohibition against double jeopardy contained in the Fifth Amendment of the United States Constitution and art. 1 § 14 of the Indiana Constitution and Ind.Code § 35-41-4-3. Appellant concedes that this issue was decided against him in *Denton v. State* (1986), Ind., 496 N.E.2d 576.

However, he argues that *Denton* is wrongfully decided and that this Court failed to follow *Bullington v. Missouri* (1981), 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270; *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1; and *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. He points out that these cases hold that in a situation such as the case at bar, when the case is reversed because of insufficient evidence, it is a violation of the rule against double jeopardy to submit a defendant to a second trial. We have no quarrel with the law stated in those cases.

However, such is not the situation in the case at bar. The original finding of appellant's status as a habitual offender was set aside not because of a lack of evidence but because of a subsequent proceeding which set aside one of the two required prior convictions which had been used in appellant's original trial. At the time of the original trial, both of the prior convictions used by the State to establish the habitual offender status were in full force and effect and neither the State nor appellant were in a position to mount a collateral attack questioning either of those convictions.

Thus at the time the original sentence was rendered, there was in fact sufficient evidence to support the same. As this Court held in *Denton:*

"After the State had successfully proven appellant's habitual offender status, the subsequent vacation of one of the prior felony convictions shown at the original proceeding created no impediment to a retrial on the issue of his habitual offender status. The trial court did not err in overruling appellant's motion to dismiss and motion to quash." *Denton, supra* at 579.

The trial court did not err in assembling a second jury and submitting the question on appellant's status as a habitual offender to that jury.

■ Appellant contends the evidence to establish his habitual offender status is insufficient in that the State failed to offer proof of his conviction of the instant crime of voluntary manslaughter, which appellant claims was necessary in addition to the proof of the two prior unrelated felonies. We see no merit to appellant's contention in this regard. Appellant cites *Mers v. State* (1986), Ind., 496 N.E.2d 75. It is true that *Mers* correctly holds that one cannot be found to be a habitual offender merely upon two prior unrelated felonies but that those two prior unrelated felonies must be used in conjunction with the primary underlying felony. This does not mean however that it is necessary for the State to independently prove the primary underlying felony to a second jury which has been subsequently assembled. In *Denton,* the appellant had objected to the trial court informing the second jury that he had been convicted on the primary underlying felony. There we held that it was not error to so instruct the jury and that they were entitled to know why they were being assembled to determine appellant's status as a habitual offender.

In the case at bar, the record shows that appellant in fact had been convicted of the manslaughter charge. This was an issue which had been decided in the case, was the law of the case, and was totally outside the realm of the second assembled jury. It is true that as correctly stated in *Mers*, the trial judge could not lawfully render a sentence upon appellant's status as a habitual offender without the conviction under the primary underlying felony. We see no error in the manner in which this case was submitted to the second jury.

Appellant claims there is an insufficiency of the evidence concerning the sequence of his prior offenses, convictions, and sentencing. As set forth in the statement of facts in this opinion, the sequence of the convictions and commissions of the prior felonies was established in keeping with the mandates of Ind.Code § 35–50–2–8. We see no lack of proof in this regard.

■ Appellant contends the State did not present sufficient proof of the allegations charged in the information for habitual offender. Appellant claims that the allegation as to the Ohio aggravated assault conviction was that the conviction occurred on November 11, 1980 and that appellant thereafter was sentenced on January 15, 1980. This is patently a scrivener's error. In fact, the proof presented by the State shows that appellant entered a plea of guilty to felonious assault in Ohio on November 13, 1979 and that he thereafter was sentenced on such plea January 15, 1980. We see no insufficiency of proof in this respect.

■ Appellant claims the verdict is contrary to law because the State failed to submit any proof of his prior felonies other than oral testimony. However, an examination of the record shows that the State submitted certified copies of the records showing the prior convictions. These exhibits were of course identified by a testifying witness. We see no failure of proof in this regard.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The defendant cannot challenge the validity of his prior convictions in a habitual offender proceeding. He therefore cannot challenge their validity in any appeal from a determination that he is a habitual offender. He can do so only in a post-conviction proceeding. *Collins v. State* (1987), Ind., 509 N.E.2d 827. The policy behind this prohibition is that the second stage of the criminal trial on a habitual offender count, following the determination of guilt, should not be extended and complex, but should be summary in nature and as brief as possible to ease the burden on juries. *Edwards v. State* (1985), Ind., 479 N.E.2d 541. With this prohibition in place, post-conviction proceedings to set aside prior convictions used as predicates for the finding of habitual offender status and later related post-conviction proceedings seeking to set aside the finding of habitual offender status itself are but a continuation of the initial habitual offender proceedings. In determining whether the retrial on habitual offender status in the case now before us on appeal was permissible under the Double Jeopardy Clause, all of the evidence heard at the initial habitual offender proceeding and the post-conviction proceedings should be considered as a whole. When that is done, it is evident that had the attack upon the validity of the prior conviction been permitted and made at the initial habitual offender proceeding, it would have been successful. Upon this analysis, I find that I can no longer hold to my former position in *Denton v. State* (1986), Ind., 496 N.E.2d 576, and would order the habitual offender finding vacated.