4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth R. GILLIAM, Petitioner-Appellant,
v.
Richard H. CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 92-1110.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Sept. 1, 1993.[1]
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Kenneth R. Gilliam appeals from the denial of his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254. Gilliam contends that he was erroneously sentenced as an habitual offender under Indiana law.
 
 Background
 
 2
 In 1983, Gilliam was convicted by a jury of voluntary manslaughter in Indiana. The jury also found that Gilliam was an habitual offender under Ind.Code Sec. 35-50-2-8.[2] Gilliam was sentenced to 10 years' imprisonment, enhanced by 30 years' imprisonment upon the habitual offender finding. One of the predicate felonies for the habitual offender finding, a controlled substance conviction, was subsequently vacated in a post-conviction proceeding on the ground that, in accepting the plea of guilty to possession of a controlled substance, the trial judge failed to comply with mandatory state statutory requirements advising defendant of the effect of his prior convictions. No. 3-1085 A 269 PS, unpublished memorandum decision (Ind.App. Nov. 7, 1986).
 
 
 3
 In 1987, Gilliam filed a motion to vacate and set aside the habitual offender conviction. The state court reduced the sentence from 40 years to 10 years. The State then filed a motion for retrial as to the habitual offender status, replacing the now-vacated controlled substance conviction with a 1980 Ohio aggravated assault conviction. The state court later denied Gilliam's motion to dismiss the amended information, finding no double jeopardy grounds applied.
 
 
 4
 In 1988, a jury heard evidence and found Gilliam to be a habitual offender. Gilliam was again sentenced to 40 years' imprisonment. The Indiana Supreme Court affirmed. Gilliam v. State, 563 N.E.2d 94 (Ind.1990).
 
 
 5
 Gilliam then filed this pro se habeas proceeding. The district court denied the petition, and Gilliam appealed.[3]
 
 Discussion
 
 6
 Gilliam maintains that it was a violation of the double jeopardy clause to try him on the habitual offender charge a second time, after the first habitual offender finding was vacated "due to insufficient evidence."
 
 
 7
 Double jeopardy attaches where a conviction is reversed on sufficiency of evidence grounds. Burks v. United States, 437 U.S. 1, 11-19 (1978). This rule has been extended to certain separate capital sentencing proceedings. Bullington v. Missouri, 451 U.S. 430 (1981). We have previously found that the Indiana habitual offender statute is not like the capital sentencing proceeding in Bullington because it does not create a separate crime. Denton v. Duckworth, 873 F.2d 144, 147 (7th Cir.) [citing Durham v. State, 464 N.E.2d 321 (Ind.1984) ], cert. denied, 493 U.S. 941 (1989).
 
 
 8
 Moreover, this case is controlled by the Supreme Court's decision in Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285 (1988). In Lockhart, the Court found the double jeopardy clause did not bar a retrial of defendant on an habitual criminal charge. At the initial habitual offender trial, the State proved four prior unrelated felony convictions. Later, it was shown that one conviction had been pardoned. The State moved to resentence defendant as a habitual offender, using another prior unrelated felony conviction which had not been offered or admitted at the initial sentencing hearing. The Supreme Court found retrial was not barred because the habitual offender conviction had been set aside for error in the initial proceeding. Lockhart, 109 S.Ct. at 290.
 
 
 9
 Similarly, here one of the underlying convictions used to support the initial finding of habitual offender was later vacated. There was never an insufficiency of evidence. At the retrial on the habitual offender status, the State used another prior unrelated felony conviction which had not been offered or admitted at the initial trial. Cf. Perkins v. State of Indiana, 542 N.E.2d 549 (Ind.1989) (holding that double jeopardy clause barred a retrial of defendants on habitual offender charges after the habitual offender finding was reversed for insufficiency of evidence).
 
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 The statute provided in part at that time:
 "(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging ... that the person has accumulated two (2) prior unrelated felony convictions....
 (d) A person is an habitual offender if the jury ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions."
 Ind.Code Ann. Sec. 35-50-2-8 (West 1983).
 
 
 [3]
 Previously, we remanded this case for the limited purpose of allowing the district court to determine whether the notice of appeal was timely filed under Houston v. Lack, 487 U.S. 266 (1988). The district court found the appeal was timely, and thus we have jurisdiction