**Odis L. McMANOMY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0006–CR–409.**

Court of Appeals of Indiana.

June 20, 2001.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATTINGLY–MAY, Judge.

Odis L. McManomy appeals the decision of the Tippecanoe County Court II finding him to be an habitual offender in violation

of Ind.Code § 35–50–2–8. He raises two issues on appeal, which we consolidate and restate as whether there was sufficient evidence to support the jury's determination that McManomy is an habitual offender.[1] We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On April 25, 2000, residential entry and habitual offender charges against McManomy were tried before a jury in two phases. In the first phase, the jury found McManomy guilty of residential entry. During the next phase of the trial, the State introduced into evidence documents indicating that an individual named Odis Lee McManomy, Jr., pled guilty on March 4, 1993, to burglary, a Class C felony, and was sentenced on March 29, 1993. The documents also indicated that an individual named Odis Lee McManomy, Jr., pled guilty on April 12, 1995, to confinement, a Class D felony, for which he was sentenced on October 4, 1995. The jury subsequently found McManomy to be an habitual offender.

McManomy was sentenced on May 31, 2000, to three years for residential entry; that sentence was enhanced by four years pursuant to the habitual offender statute for a total sentence of seven years.

## DISCUSSION AND DECISION

■ McManomy asserts the evidence presented by the State was insufficient to support his conviction as an habitual offender. In reviewing a claim of insufficient evidence, we do not reweigh the evidence, but look instead to the evidence favorable to the judgment, along with any inferences reasonably drawn therefrom. *Vaillancourt v. State,* 695 N.E.2d 606, 611 (Ind.Ct.App.1998). We will affirm a judgment that is supported by substantial evidence of probative value. *Id.*

The State contends that because it proved McManomy accumulated two prior unrelated felony convictions, the evidence is sufficient to sustain the jury's determination that McManomy is an habitual offender. We disagree. In order for an individual to be found an habitual offender pursuant to Ind.Code § 35–50–2–8, the State must prove beyond a reasonable doubt that the individual has accumulated two prior unrelated felony convictions. This requires the State to produce evidence that the individual "has been convicted and sentenced for a felony *committed after sentencing* for a prior unrelated felony conviction." Ind.Code § 35–50–2–8(b) (emphasis supplied).

■ The evidence presented by the State regarding McManomy's prior convictions indicates that an individual named Odis McManomy, Jr., pled guilty on March 4, 1993, and was sentenced on March 29, 1993, for burglary, a Class C felony. The evidence also showed that an individual named Odis Lee McManomy, Jr., pled guilty on April 12, 1995, and was sentenced on October 4, 1995, for confinement, a Class D felony. However, the State presented no evidence regarding the date that either offense was committed.

An element of an habitual offender determination is proof that a second felony was unrelated to the first felony in that it was committed subsequent to the date of the sentencing for the first. *Henderson v. State,* 534 N.E.2d 1105, 1109 (Ind.1989).

1. McManomy asserts on appeal that: (1) the State failed to prove that McManomy's two prior felony convictions were unrelated pursuant to Ind.Code § 35–50–2–8, and (2) the State failed to introduce sufficient identifica-

tion proving the appellant was the same Odis McManomy convicted in the earlier two felony cases. However, because the first argument is dispositive, we need not address McManomy's second argument.

Failure to prove this element requires that the habitual offender determination be vacated. *Id.* Because the State offered no evidence as to the commission dates of each felony, it could not have proved the second felony was committed after the date of sentencing of the first.

■ Furthermore, our supreme court has declined to make an inference that because there is a significant time span between an individual's prior convictions, they must have been committed in the sequence mandated by the statute. *McCovens v. State*, 539 N.E.2d 26, 31 (Ind.1989). In *McCovens,* although the appellant's prior felony convictions spanned nearly twenty years, the Court held that an inference that his offenses were committed in the required sequence was not sufficient to support the finding of habitual offender status. *Id.* at 31.

The State offered evidence that McManomy's convictions spanned approximately two years. Therefore, where it is improper to infer that an individual's prior convictions satisfy the sequence requirements of the habitual offender statute when the convictions occurred twenty years apart, we must accordingly decline to make such an inference as to McManomy's convictions, which were only two years apart.

Because the State failed to produce sufficient evidence to satisfy the elements required by Ind.Code § 35–50–2–8, we must reverse McManomy's conviction as an habitual offender and remand to the trial court for re-sentencing.

Reversed and remanded.

BAILEY, J., and FREIDLANDER, J., concur.