**Anthony WARREN, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–0101–CR–66.**

Supreme Court of Indiana.

June 6, 2002.

Michael R. Fisher, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice

The defendant, Anthony Warren, appeals from a habitual offender adjudication that followed this Court's previous opinion affirming his murder conviction but vacating the habitual offender determination in his original trial and remanding for further proceedings. *Warren v. State*, 725 N.E.2d 828, 837 (Ind.2000). On remand, after a new habitual offender jury proceeding, the defendant was again found to be a habitual offender. In this appeal, the defendant contends that this second determination was not supported by sufficient evidence and that the trial court erred in permitting the jury to be informed that the underlying felony conviction in the principal case was for the offense of murder.

The defendant first claims the evidence was insufficient to identify him as the person who committed the underlying murder conviction that was subject to enhancement by the habitual offender finding. The defendant admits that the evidence was sufficient to support a finding that he had committed two prior unrelated felonies, but he maintains that "there is a whole failure of proof in that there is no evidence other than a common name" to link him to the murder conviction or to the date of the offense. Br. of Appellant at 11.

▇ That the defendant was the person convicted of murder in the original trial "was an issue which had been decided in the case, was the law of the case, and was totally outside the realm of the second assembled jury." *Gilliam v. State*, 563 N.E.2d 94, 96 (Ind.1990). The State simply had to show the date of the current underlying felony so the jury could make a proper determination of sequence.[2] The State's Exhibits 33 and 34 were the Information and Abstract of Judgment for the defendant's instant felony conviction for murder. The Information contained the date the crime was committed. The jury could rely on this document to determine whether the proper sequence was present for the habitual offender finding.

▇ For his second contention, the defendant asserts that the trial court erred in denying his objection to the jury being informed of the nature of the underlying conviction. The defendant requested that any mention that the underlying felony was murder be removed from the Information and Abstract of Judgment and that

---

**2.** To establish that the defendant is a habitual offender, the State must prove beyond a reasonable doubt that the defendant has been previously convicted of two separate and unrelated felonies. Ind.Code § 35–50–2–8. To be "unrelated," the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought. *Toney v. State*, 715 N.E.2d 367, 369 (Ind.1999). Failure to prove the proper sequencing requires that the habitual offender determination be vacated. *Henderson v. State*, 534 N.E.2d 1105, 1109 (Ind.1989).

the jury be informed only that the defendant had been convicted of an underlying felony without naming the felony. The defendant argues that the identity of the offense was irrelevant and should have been excluded. A jury is "entitled to know why they were being assembled to determine appellant's status as a habitual offender." *Gilliam*, 563 N.E.2d at 96. This includes informing a second jury that the defendant had been convicted of the primary felony. *Id.* The nature of the primary felony is relevant because "[i]n a habitual offender proceeding, the jury must not only determine whether the defendant has been twice previously convicted of unrelated crimes, but it must further determine whether such two convictions, when considered along with the defendant's guilt of the charged crime, lead them to find that the defendant is a habitual criminal." *Seay v. State*, 698 N.E.2d 732, 736 (Ind.1998). The trial court did not err in informing the jury that the defendant's felony conviction in this case was for murder.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, J.J., concur.