# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2016, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Magness,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 3, 2016

Court of Appeals Cause No.
49A02-1505-CR-322

Appeal from the Marion Superior Court

The Honorable Angela Dow Davis, Judge
The Honorable Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1411-F6-52938

**Barnes, Judge.**

# Case Summary

[1] Steven Magness appeals his status as an habitual offender. We reverse and remand.

# Issues

[2] Magness raises two issues, which we restate as:

> I. whether the trial court properly allowed a belated habitual offender allegation filing; and

> II. whether the evidence is sufficient to sustain the habitual offender finding.

# Facts

[3] On November 26, 2014, the State charged Magness with Level 6 felony residential entry, Level 6 felony intimidation, Class A misdemeanor theft, and Class A misdemeanor battery resulting in bodily injury. On March 24, 2015, the State filed an allegation that Magness was an habitual offender, and Magness objected to the filing. A jury trial was held on March 25, 2015, and the jury found Magness guilty of Level 6 felony residential entry and Class A misdemeanor battery resulting in bodily injury. The jury also found that Magness was an habitual offender. The trial court sentenced Magness to two years in the Department of Correction enhanced by four years for his status as an habitual offender. Magness now appeals.

# Analysis

## *I. Belated Habitual Offender Filing*

[4] Magness challenges the State's belated habitual offender filing. Indiana Code Section 35-34-1-5(e) provides:

> An amendment of an indictment or information to include a habitual offender charge under IC 35-50-2-8 must be made at least thirty (30) days before the commencement of trial. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial if the amendment does not prejudice the substantial rights of the defendant. If the court permits the filing of a habitual offender charge less than thirty (30) days before the commencement of trial, the court shall grant a continuance at the request of the:
>
> (1) state, for good cause shown; or
>
> (2) defendant, for any reason.

The habitual offender charge here was filed one day before trial and was not timely.

[5] Our supreme court has held that "'once a trial court permits a tardy habitual filing, an appellant must move for a continuance in order to preserve the propriety of the trial court's order for appeal.'" *Kidd v. State*, 738 N.E.2d 1039, 1042 (Ind. 2000) (quoting *Williams v. State*, 735 N.E.2d 785, 789 (Ind. 2000)). There is no exception to this rule even where a defendant has asked for a speedy trial. *Id.* If the defendant needs additional preparation time, then he or she

may seek a continuance of the habitual offender phase of the proceedings without affecting his rights to a speedy trial on the main charge. *Id.* Although Magness objected to the filing, he did not request a continuance. Because Magness did not move for a continuance, this issue is waived for review.[1] *See id.* (holding that the defendant waived his argument regarding the untimely filing of an habitual offender allegation where he did not request a continuance).

## II. Sufficiency of the Evidence

Next, Magness argues that the evidence is insufficient to sustain the finding that he is an habitual offender. When an habitual offender finding is challenged, we do not reweigh the evidence but rather look at the evidence in the light most favorable to the verdict. *White v. State*, 963 N.E.2d 511, 518 (Ind. 2012). "If an appellate court deems the evidence insufficient, [an] habitual-offender determination must be vacated." *Id.*

Under Indiana Code Section 35-50-2-8(a), the State "may seek to have a person sentenced as a habitual offender for a felony by alleging, on one (1) or more pages separate from the rest of the charging instrument, that the person has accumulated the required number of prior unrelated felony convictions in

---

[1] We decline Magness's request to reconsider the requirement for a continuance motion. *See, e.g., Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005) ("It is not this court's role to reconsider or declare invalid decisions of our supreme court.").

accordance with this section." At the time of Magness's offense, subsection (d) provided:

> A person convicted of a Level 6 felony[2] is a habitual offender if the state proves beyond a reasonable doubt that:
>
> (1)     the person has been convicted of three (3) prior unrelated felonies; and
>
> (2)     if the person is alleged to have committed a prior unrelated:
>
> > (A)   Level 5 felony;
> >
> > (B)   Level 6 felony;
> >
> > (C)   Class C felony; or
> >
> > (D)   Class D felony;
>
> not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

Ind. Code § 35-50-2-8(d) (footnote added).

---

[2] The statute was amended effective July 1, 2015, to substitute "felony offense" for "Level 6 felony." *See* Pub. L. No. 238, 2015, § 17 (eff. July 1, 2015).

[8] The habitual offender charging information alleged that Magness had previously been convicted of three prior, unrelated felonies and not more than ten years had elapsed between the time that he was released from his sentence to the instant offense. The three prior, unrelated felonies included a September 12, 2005 conviction for Class D felony criminal recklessness, a November 29, 2007 conviction for Class D felony obstruction of justice, and an October 6, 2009 conviction for Class C felony battery.

[9] Magness first argues that the prior arrests were not sufficiently linked to him to prove that he committed the prior offenses. He points out that Exhibit 6, which was the identification card containing Magness's thumbprint, was not admitted into evidence. However, a defendant's identification "can be independently established by fingerprint testimony." *Straub v. State*, 567 N.E.2d 87, 93 (Ind. 1991). Matthew Weisjahn, the fingerprint examiner, testified that he compared Magness's thumbprint to the arrest prints for the prior convictions and that the fingerprints on all of the records matched. We conclude there was sufficient evidence to show that Magness was the same person convicted in the prior offenses.

[10] Next, Magness argues that the evidence was insufficient to show that the prior offenses were unrelated. A person has accumulated two (2) or three (3) prior unrelated felony convictions for purposes of Indiana Code Section 35-50-2-8 only if:

(1) the second prior unrelated felony conviction was committed after commission of and sentencing for the first prior unrelated felony conviction;

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after commission of and sentencing for the second prior unrelated felony conviction; and

(3) for a conviction requiring proof of three (3) prior unrelated felonies, the third prior unrelated felony conviction was committed after commission of and sentencing for the second prior unrelated felony conviction.

Ind. Code § 35-50-2-8(f). To be "unrelated," the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought. *Warren v. State*, 769 N.E.2d 170, 171 n.2 (Ind. 2002). "Failure to prove the proper sequencing requires that the habitual offender determination be vacated." *Id.*

[11] During the habitual offender phase of the trial, the State presented an arrest report and the judgment of conviction concerning the criminal recklessness conviction. Those documents indicated that the offense was committed on January 5, 2004, and that Magness was sentenced on September 12, 2005. The State also presented evidence of an arrest report and a judgment of conviction concerning the obstruction of justice conviction. Those documents indicated that Magness was arrested pursuant to a warrant on October 24, 2007, and that he was sentenced on November 29, 2007. None of the documents presented by

the State, however, indicate the date of the obstruction of justice offense. The State then presented an arrest report and a judgment of conviction concerning the battery conviction. Those documents indicated that Magness committed the offense on March 29, 2009, and that he was sentenced on October 6, 2009.

[12] Magness properly points out that, because the State failed to present evidence concerning the date of the obstruction of justice offense, there was no evidence that "the second prior unrelated felony conviction was committed after commission of and sentencing for the first prior unrelated felony conviction." I.C. § 35-50-2-8(f). The State, however, argues that the jury could reasonably infer that the offense took place after September 12, 2005, because he was not arrested until October 24, 2007.

[13] Although it is certainly possible that the obstruction of justice offense took place long after Magness was sentenced for the criminal recklessness offense, the State presented no evidence to support such a conclusion. Indeed, the State presented no evidence whatsoever concerning the facts and circumstances of the obstruction of justice offense. Given the complete lack of evidence in this regard, an inference that the offense took place after the sentencing for the criminal recklessness offense would be too speculative to constitute proof beyond a reasonable doubt. *See, e.g., McManomy v. State*, 751 N.E.2d 291, 293 (Ind. Ct. App. 2001) ("Because the State offered no evidence as to the commission dates of each felony, it could not have proved the second felony was committed after the date of sentencing of the first.").

Likewise, the passage of time between the first and second convictions is insufficient to support an inference that they were unrelated for purposes of the habitual offender statute.  *See McCovens v. State*, 539 N.E.2d 26, 31 (Ind. 1989) (holding that the evidence was insufficient to show the required sequence even though the prior felony convictions were separated by nearly twenty years); *McManomy*, 751 N.E.2d at 293 (holding that it would be improper to infer that an individual's prior convictions satisfied the sequence requirements where the convictions were two years apart).  We conclude that the State presented insufficient evidence to support the habitual offender determination. We therefore reverse Magness's habitual offender adjudication and remand with instructions to vacate the enhancement imposed.  We note, however, that "the Double Jeopardy Clause does not prevent the State from re-prosecuting a habitual offender enhancement after conviction therefore has been reversed on appeal for insufficient evidence." *Jaramillo v. State*, 823 N.E.2d 1187, 1191 (Ind. 2005), *cert. denied*; *see also Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012).

## Conclusion

Magness waived his argument that the habitual offender filing was untimely by failing to request a continuance.  However, the evidence is insufficient to sustain his status as an habitual offender.  We reverse and remand.

Reversed and remanded.

Robb, J., and Altice, J., concur.