## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 01 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony Warren
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Warren,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 1, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1070<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa Borges, Judge<br><br>Trial Court Cause No.<br>49G04-9808-CF-128010 |

**Barteau, Senior Judge.**

# Statement of the Case

After his conviction of murder and a finding that he was an habitual offender, Anthony Warren appeals from the trial court's denial of his motion to correct erroneous sentence and his motion to correct error. We affirm.

# Issues

Warren presents these two, restated issues for our review as follows:

> I. Did the trial court abuse its discretion by denying Warren's motion to correct erroneous sentence?

> II. Did the trial court commit reversible error by denying Warren's motion to correct error?

# Facts and Procedural History

To briefly summarize, on August 2, 1998, Warren, Lynn Coe, and Darlene Massengill engaged in a night of heavy drinking. The next morning, Coe discovered Massengill dead in his one-room apartment and further discovered that his handgun was missing. An autopsy revealed Massengill's cause of death was a single, fatal, gunshot wound to the head. Coe called 911 reporting that he had seen Warren shoot Massengill, but at trial recanted and testified that he saw nothing because he had passed out in his bed from his alcohol consumption.

The same morning Massengill's body was discovered, Warren returned to the apartment he shared with his girlfriend Charlene Davis. Davis told law

enforcement officers that Warren showed her a handgun, told her he knew he was going to jail, and mentioned something about removing gunshot residue. He removed his clothing, covered them in bleach and tossed them in a dumpster behind the apartment building. He also told Davis that she no longer had to worry about Massengill. Previously, Warren had tried to get Davis to purchase a gun for him because of problems he believed Massengill and her family were causing him.

[5] After a jury trial, Warren was convicted of murder and was adjudged an habitual offender. The trial court sentenced Warren to sixty-five years for murder, enhanced by an additional thirty years for the habitual offender adjudication.

[6] On direct appeal, the Supreme Court affirmed Warren's murder conviction, but vacated his habitual offender adjudication, remanding the matter for further proceedings. *Warren v. State*, 725 N.E.2d 828 (Ind. 2000). The trial court once again adjudicated Warren an habitual offender and enhanced his murder sentence by thirty years for the habitual offender adjudication. Warren's appeal from that decision was affirmed by the Supreme Court. *Warren v. State*, 769 N.E.2d 170 (Ind. 2002).

[7] In the meantime, on September 8, 2000, Warren filed a pro se petition for post-conviction relief. After an evidentiary hearing, the post-conviction court ordered both sides to submit proposed findings of fact and conclusions of law. The post-conviction court entered its findings of fact and conclusions of law,

denying Warren the relief he sought. On April 28, 2004, Warren filed a pro se Notice of Appeal in which he acknowledged the submission was late, but claimed he had not learned of the post-conviction court's ruling until April 19, 2004, despite a notation on the chronological case summary indicating that copies of the court's order had been sent to all parties. On May 18, 2004, the post-conviction court denied Warren's Notice of Appeal as untimely. On June 4, 2004 Warren filed with this Court a petition for permission to file a belated appeal. On June 17, 2004, the Court granted Warren permission to file a belated appeal but limited the issue for consideration to the post-conviction court's denial of Warren's Notice of Appeal. After considering the appeal, the Court affirmed the post-conviction court's denial of Warren's Notice of Appeal. *Warren v. State*, 49A04-0405-PC-283 (Ind. Ct. App. Apr. 15, 2005).

[8] Warren also filed a petition for a state writ of habeas corpus, which the trial court dismissed, and this Court dismissed his appeal from that decision. *See Warren v. State*, 49A02-1703-CR-598 (Ind. Ct. App. Oct. 30, 2017), citing Docket of Cause No. 49A02-1001-PC-53.

[9] In January 2017, Warren filed a motion for relief from judgment and a motion to correct error, both of which were denied by the trial court. A panel of this Court affirmed the trial court's decision in a memorandum decision. *Warren v. State*, 49A02-1703-CR-598, *1 (Ind. Ct. App. Oct. 30, 2017).

[10] Next, on March 9, 2018, Warren filed a motion to correct erroneous sentence, which was denied by the trial court on March 12, 2018. The trial court entered

an order on April 10, 2018, denying Warren's motion to correct error. He now appeals those decisions.

# Discussion and Decision

## I. Motion to Correct Erroneous Sentence

[11] Warren contends that the trial court abused its discretion by denying his motion to correct erroneous sentence. Indiana Code section 35-38-1-15 (1983) provides as follows about such motions:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[12] Our Supreme Court, in *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004), held that the purpose of the statute was to "provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." On review of a trial court's denial of such a motion, we defer to the trial court's factual findings and review it for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). We will find an abuse of discretion only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. The trial court's legal conclusions, on the other hand, are reviewed de novo. *Id.*

[13]    The Supreme Court opinion in *Robinson* further informs us that a motion to correct an erroneous sentence may only be used to correct sentencing errors that are clear on the face of the "judgment imposing sentence." 805 N.E.2d at 787. Any claims requiring consideration of the proceedings before, during, or after the trial may not be presented by way of a motion to correct erroneous sentence. *Id.*

[14]    Here, Warren received an executed sentence of sixty-five years for his murder conviction. The sentencing range for murder at the time he committed his offense was a fixed term of fifty-five years with not more than ten years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. *See* Ind. Code § 35-50-2-3 (1995). After remand, Warren's sentence was enhanced by thirty years due to his habitual offender adjudication. That sentence enhancement was within the statutory parameters under Indiana Code section 35-50-2-8 (1995). Consequently, we conclude that Warren's sentence was not deficient on the face of the judgment imposing sentence. Therefore, the trial court did not abuse its discretion in denying Warren's motion to correct erroneous sentence.

## II. Motion to Correct Error

[15]    We address this separately because it appears that Warren is attempting to revive or revisit claims he has previously presented regarding the authority of the magistrate to sign his original abstract of judgment reflecting the sentence imposed for murder and the enhancement for his status as an habitual offender, under Indiana Code sections 33-4-8-8 and 33-4-7-8 (1998) (repealed by P.L. 98-

2004, SEC. 164).  His arguments regarding those claims were denied by the trial court and that denial was affirmed in *Warren v. State*, 49A02-1703-CR-598, *1 (Ind. Ct. App. Oct. 30, 2017).  In that opinion, as we do now, we observe that the correct procedure to use to present this claim would be through requesting permission to file a Successive Petition for Post-Conviction Relief with this Court.  *See* Ind. Post-Conviction Rule 1(12).  Because the trial court correctly identified Warren's motion as an improper substitute for such a request for permission to file a Successive Petition for Post-Conviction Relief, the trial court did not err.

# Conclusion

[16]  Based on the foregoing, we affirm the judgment of the trial court.

[17]  Affirmed.

Mathias, J., and Tavitas, J., concur.